MARY JOHNSON V. CHARLES OWEN ET AL.

FILED OCTOBER 5, 1904. No. 13,627.

1. **Contract: PUBLIC POLICY.** Where a plaintiff claims that a certificate of deposit in the sum of $300 was indorsed and delivered for him to a county attorney under an agreement that, in consideration thereof, he would dismiss a criminal prosecution against plaintiff and release him from jail, a court will not aid him to regain possession of the property. Such a contract or agreement is illegal, against good morals and public policy, and the court will leave the parties in the same position in which it finds them.

2. **Duress: EVIDENCE.** Under the evidence in this case, *held*, that no fraud or duress has been shown.

ERROR to the district court for Saunders county: BENJAMIN F. GOOD, JUDGE. *Reversed.*

*Simpson & Good,* for plaintiff in error.

*O. C. Tarpenning* and *B. E. Hendricks, contra.*

LETTON, C.

This action was begun in the district court for Saunders county by Charles Owen, plaintiff, against John L. Sundean, Charles H. Slama and Mary Johnson, defendants, to recover the possession of a certain certificate of deposit in the bank of Memphis, Nebraska, dated February 9, 1903, which certified that "Frank M. Owen has deposited with the bank of Memphis $300 payable to the order of J. L. Sundean, county attorney, in current funds on the return of this certificate properly indorsed." An order of delivery was issued, and the certificate was taken by the officer and delivered to the plaintiff. The defendant Mary Johnson appeared by a guardian *ad litem,* E. E. Placek, and filed her separate answer, denying generally the allegations of the petition; and the defendants Sundean and Slama each filed separate answers disclaiming any interest in the property, and setting up specifically the facts under which each alleges the property came into his possession. At the close of the testimony for the plaintiff, the defendants moved for an instruction in their favor, which was overruled by the court and exception duly taken; whereupon they offered no evidence, and upon the motion of the plaintiff a peremptory instruction was given by the court instructing the jury to find for the plaintiff. Separate motions for new trial were filed, and, the defendants Sundean and Slama not prosecuting error, the defendant Mary Johnson joined them with the plaintiff as defendants in error and has brought the cause to this court for review.

The facts appear to be as follows: In the latter part of 1902, the plaintiff Charles Owen became acquainted with the defendant Mary Johnson and with her mother and stepfather, Mr. and Mrs. Frank Abbott. Within two months after he first became acquainted with Mary Johnson, a complaint was filed against him before a justice of the peace at Ashland, charging him with statutory rape upon the plaintiff in error, Mary Johnson. About the

time this was done, Owen absconded and went to Mont-gomery county, Missouri, reaching there about the 23d or 24th of December, 1902. Five or six days after his arrival he was arrested by the city marshal and placed in the county jail where he was detained about five days, and at the expiration of this time was released, no charge having been filed against him. While he was in Missouri, John L. Sundean, the county attorney of Saunders county, together with the sheriff of Saunders county, went on Sunday, January 8, to the town of Memphis in Saunders county, Nebraska, near which place Owen had lived in his father's family. Levi Owen, the father of Charles Owen, was sent for and at the office of one John Morrow a conversation was had between the county attorney and Levi Owen with reference to the settlement of the charges against the son. According to the testimony of Mr. Owen, Sr., and the sheriff, the county attorney offered to dismiss the criminal proceedings against the young man upon the charge of rape, upon the payment to him of the sum of $300, and an agreement was arrived at between them that if $300 were paid to the county attorney the next day the son would not be prosecuted further upon the charge of rape. Sheriff Webster, however, testi-fies in this connection that no final agreement was made with Levi Owen on Sunday; that he said he could not do anything until he saw Frank. It further appears that Frank Owen, a brother of the plaintiff, was at this time in Wahoo consulting an attorney with reference to the charge against Charles Owen, and that after he returned a conversation was had over the telephone between Sun-dean, at Wahoo, and John Morrow and Frank Owen, at Memphis. Frank testifies that Sundean talked with Mor-row but that he could hear every word; that Sundean asked $300 to settle the trouble, and that after some con-versation it was agreed that he would be paid $300 upon the condition that he would release Charles Owen at once. Frank then deposited $300 in the bank of Memphis and obtained the certificate of deposit in controversy. He

indorsed upon the back of it, "Pay to J. L. Sundean, county attorney," and sent the certificate to Sundean the next day. He testifies that Charles Owen, before he went away, authorized him to settle any trouble he might have over Mary Johnson, and that the money belonged to Charley; Levi Owen testifying that he furnished part of the money. Some time after Sundean obtained this certificate, he indorsed it, "Pay to the order of Charles H. Slama, county judge. J. L. Sundean, Co. Atty." and left it with the county judge from whose possession it was taken under the writ of replevin. No evidence being offered on the part of the defendants, the purpose of the county attorney in this peculiar proceeding cannot be definitely known, but from numerous suggestions in the questions propounded to the witnesses upon cross-examination it would seem that the county attorney's purpose was to settle any claim which Mary Johnson might have against Charles Owen on account of his being the putative father of a child of which she was expected to be delivered. This, however, is merely inference and is contradicted by the testimony of Levi Owen, Frank Owen and J. R. Webster, the sheriff of Saunders county. Upon the testimony of the plaintiff's witnesses, then, we have it stated that the purpose of the deposit of the $300 in the bank, and of the indorsement and delivery of the certificate of deposit to the county attorney, was to procure the dismissal of a criminal charge against the plaintiff in this case and his release from jail, and further that before the plaintiff left for Missouri he had authorized his brother Frank to procure a settlement of any proceedings which might be brought against him.

It was attempted to bring the plaintiff within the principles of law applicable to cases where a person has been compelled to pay money or deliver up valuable property by means of duress, but the evidence shows that no money was deposited in the bank, nor was the certificate sent to the county attorney until after Frank Owen, the man who deposited the money and to whom the certificate of

deposit was originally delivered, had consulted an attorney with reference to his brother's case; and further, the conversation over the telephone wherein the negotiation was had between the county attorney, at Wahoo, and Frank Owen, at Memphis, fails to show the existence of any fear or compulsion acting upon the mind of Frank other than the fear of the consequence of a criminal prosecution. We have here, then, a plain case—accepting the plaintiff's version of the transaction as true—of money being paid to a public officer for the purpose of inducing. him to dismiss a criminal charge and procuring the release of a prisoner, since the delivery of the certificate, properly indorsed, amounted to a transfer to Sundean of the fund deposited. Where a party has, in carrying out an illegal agreement, placed himself in a certain position, the courts will not lend their assistance to him to retrace his steps. If he has parted with any property or money in furtherance of his unlawful object, the court will leave him where it found him, and will not lend him its assistance against his fellow wrongdoer. It is unnecessary to cite authorities to the proposition that such an agreement as is testified to is manifestly against good morals and public policy, and that no court will aid a party to it, either to carry out its provisions, or to rescind it and recover property parted with in the execution of the same. The defendant in error argues that he had not committed a crime; that he did not authorize any person to pay the county attorney any sum of money; and that since the county attorney obtained the certificate by duress he can maintain this action; but if he did not authorize Frank Owen to deposit this money and to deliver the certificate of deposit to the county attorney, the transaction was not his act and he could not be injured by the unauthorized act of Frank. The evidence, however, is uncontradicted that he authorized Frank to settle the matter for him, and further, since he claims the certificate of deposit as his own, he has adopted and ratified his brother's action in its entirety. He cannot blow hot and cold at the same time. We conclude there-

fore that the action taken by his brother binds the defendant in error as fully as though it had been taken by himself.

The agreement between Frank and the county attorney was fully executed, so far as the plaintiff was concerned, by the delivery of the certificate properly indorsed. The contract is not executory, but fully executed on the plaintiff's part; hence the authorities as to executory contracts do not apply.

Under the facts in this case, the plaintiff is entitled to no relief in this action, and the judgment should be reversed and the cause remanded to the district court for further proceedings in accordance with this opinion.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.