BERTHA JANZEN, Appellant, v. CHARLES L. CRUM, Respondent.

(197 N. W. 138.)

**Contracts — contract to see that accused escaped penitentiary held void as against public policy; consideration cannot be recovered.**

An agreement, made for money consideration, by a public officer conducting the prosecution of another for a felony of which the latter was guilty, that he would see to it that the latter would not go to the penitentiary, is void as against public policy, and the money paid without duress or undue influence in consideration of such an agreement, cannot be recovered, the parties being in pari delicto.

Opinion filed January 22, 1924.

Contracts, 13 C. J. §§ 389 p. 449 n. 42; 440 p. 493 n. 18, p. 496 n, 24; 442 p. 498 n. 29, 80.

Appeal from the District Court of Morton County, *Berry, J.*

The plaintiff, Bertha Janzen, appeals from a judgment of the district court, dismissing the action.

Affirmed.

*F. E. McCurdy,* for appellant.

*William Langer* and *S. L. Nuchols,* for respondent.

COOLEY, Dist. J.   This action is, in effect, one for money had and received. It is brought by the plaintiff, Bertha Janzen, upon the claim that the defendant has received a certain sum of money for the use and benefit of one C. N. Janzen, which sum the defendant has refused to pay.   The plaintiff brings this action in her own name, as the assignee of the said C. N. Janzen.

To the original complaint, the defendant interposed a demurrer, specifying as ground therefor that the complaint did not state facts sufficient to constitute a cause of action.   The demurrer was sustained

Note.—Contract inducing public officer to violate duty to public as against public policy, see 6 R. C. L. 739; 2 R. C. L. Supp. 197; 5 R. C. L. Supp. 368.

Enforcement of illegal contracts as between parties in pari delicto, see 6 R. C. L. 823; 2 R. C. L. Supp. 214; 5 R. C. L. Supp. 370.

by the court, with leave to amend. The plaintiff then served an amended complaint. Thereupon the defendant moved for a dismissal of the action upon the ground, among others specified, that the amended complaint did not state facts sufficient to constitute a cause of action. The complaint having been once amended the court, in granting the defendant's motion, refused leave to further amend, and ordered a dismissal of the action. Judgment was entered accordingly and the plaintiff appeals.

The plaintiff's cause of action, as set out in the amended complaint, is as follows:

"1. That prior to the 18th day of April, 1921, the defendant received from one C. N. Janzen, the sum of $700, for the use of the defendant, and that thereafter, and before the commencement of this action, the plaintiff caused demand to be made on the defendant for the payment thereof.

2. That the defendant returned no consideration whatsoever for the said $700; that no part thereof has been paid except the sum of $25, paid before the commencement of this action.

3. That before the commencement of this action the said C. N. Janzen duly assigned and set over to Bertha Janzen all his rights, title and interest in and to the said claim, and Bertha Janzen, the plaintiff herein, is the owner thereof.

4. That the money above referred to was paid by C. N. Janzen and Bertha Janzen, pursuant to a demand upon the said C. N. Janzen by the defendant, C. L. Crum, and that at the time the said transaction arose, the said C. L. Crum was appointed by the attorney general of the state of North Dakota to prosecute an action brought by the state of North Dakota against C. N. Janzen, upon charge of embezzlement, and that the said C. L. Crum stated to the said C. N. Janzen that it would not be necessary for him, the said C. N. Janzen, to secure an attorney; and that the said C. L. Crum would see to it that the said C. N. Janzen would not go to the penitentiary in connection with the action for which he was being prosecuted; that the said C. L. Crum is a man of superior intelligence and strength of mind, and is the mental superior of the said C. N. Janzen, and was occupying a position of high authority and power in the state of North Dakota, and that the said C. N. Janzen was a man of lesser strength of intellect than C. L. Crum, and was

50 N. D.—35.

charged with the crime of embezzlement, and was guilty of said crime
of embezzlement, and he believed and did believe that the matter could
be settled in that manner, and believed that C. L. Crum was in a
position where he had the power and the right to compromise the said
matter in that manner, and, therefore, and for that purpose he paid
and delivered to the said C. L. Crum, the sum of $700, and that the
said C. L. Crum did not do the thing that he agreed to do, and did
not perform the things he said he would perform and do, as an in-
ducement and for the purpose of getting the said C. N. Janzen to pay
to him the money herein designated." Then follows the prayer for
judgment.

While this action is one for money had and received, the pleader,
instead of relying upon the common law form of pleading, has, in ¶
4, set out in detail the specific fact out of which the claim against the
defendant arises. The sufficiency of the pleading must, therefore, be
judged by the specific facts therein stated.

The allegations of the amended complaint show that the plaintiff's
assignor, C. N. Janzen, was guilty of the crime of embezzlement, and
that proceedings had been begun against him on that charge; that the
defendant, as assistant attorney general of this state, was in charge of
the prosecution; that pursuant to a demand made by the defendant
upon the said Janzen, the latter paid to the defendant the sum of
$700, in consideration of an agreement made by the defendant, that
the defendant "Would see to it that the said C. N. Janzen would not
go to the penitentiary in connection with the action for which he was
being prosecuted;" that said Janzen believed that the defendant was
in a position where he had the power and the right to compromise the
matter in that manner, and for that purpose paid the said sum to the
defendant.

From the allegation that the defendant failed to perform his agree-
ment we are justified in drawing the inference that the said Janzen
went to the penitentiary, and that, therefore, the crime with which
he was charged was one for which a penitentiary sentence is prescribed
by law.

The defendant himself had no authority or discretion regarding the
punishment to be meted out to the said Janzen; this was a matter
wholly within the jurisdiction and authority of the Court. The agree-

ment made by the defendant was, therefore, an undertaking on his part to so influence the court that the said Janzen would receive no sentence at all for the crime he had committed, or that he would be paroled, or pardoned after sentence, and before imprisonment. There was no other way he could escape going to the penitentiary. Such a contract is illegal and void, as against public policy, being calculated to impede the regular administration of justice. The case of Rhodes v. Neal, 64 Ga. 704, 37 Am. Rep. 93, was an action brought to recover a sum of money which had been paid to one for endeavoring to induce complainants in a criminal prosecution for a felony, to dismiss the proceeding. The court say: "This case was dismissed on demurrer, and that ruling is the error complained of here. The cause of action as set out in this declaration evidently shows a contract tending to obstruct the course of public justice, and, being such a contract, was contrary to public policy, and therefore illegal and void. It is alleged that the party was under indictment and in imminent danger of being convicted of larceny and a fraudulent breach of trust, and being in that condition the testator was to use his influence with the prosecutors to have the same dismissed, and in which he was successful. If that is not a contract for obstructing the course of public justice in its effort to punish crime, one could scarcely be found. . . . It is a high requirement of public policy that felonies should be punished and the law frowns upon any attempt to suppress investigation." See also Barron v. Tucker, 53 Vt. 338, 38 Am. Rep. 684, and Johnson v. Owen, 72 Neb. 477, 100 N. W. 945.

In the case of Buck v. First Nat. Bank, 27 Mich. 293, 15 Am. Rep. 189, the court in the last paragraph of its opinion say: "We are, therefore, all of the opinion that the defendants below were entitled to have the jury instructed that, if the signatures to the notes were obtained by assurances on the part of the officers of the bank, or of any of them, that if the parties would give their notes, the officers, or any of them, would sign a petition to the judge for clemency to R. M. Buck in his sentence, or that they would be more likely to do so, or that in any manner they would exercise, or be more likely to exercise influence with the court to secure a lighter sentence, then the promise of the defendants expressed in the notes was based upon a consideration opposed to public policy and consequently void." Elsewhere in their

opinion the court say: "We do not stop to point out that assistance from pecuniary motives to lighten the punishment of a criminal is the same in nature and only different in degree from the like motives to shield him from punishment entirely."

It is a well settled principle of law that the courts will not aid either party to an illegal agreement, but will leave the parties where it finds them. The law, however, makes the exception where the parties are not in pari delicto. The cases of this character are generally where the party asking to be relieved from the effect of an illegal agreement was induced to enter into the same by means of force, fraud, duress, undue influence, threats, or where money or property is obtained by a public officer by color of his office. 13 C. J. 494, § 442.

There are no allegations in the amended complaint showing, or tending to show, that the said C. N. Janzen, in paying the money to the defendant, was induced thereto by force, fear, fraud, duress, threats, or undue influence, but it appears that the said Janzen, entertaining the belief that the defendant, as prosecuting officer of the state, had the power and the right, to influence the court in the designation of the sentence, if any, he should receive, freely and voluntarily paid him the money; nor was the money obtained by the defendant under color of official right. The parties were therefore in pari delicto, and the language of the court in Johnson v. Owen, supra, is particularly applicable to this case. The court say: "We have here then, a plain case . . . of money being paid to a public officer for the purpose of inducing him to dismiss a criminal charge and procuring the release of the prisoner. . . . Where a party has, in carrying out an illegal agreement placed himself in a certain position the courts will not lend their assistance to him to retrace his steps. If he has parted with any money or property in furtherance of his unlawful object, the court will leave him where it found him, and will not lend him its assistance against his fellow wrongdoer. It is unnecessary to cite authorities to the proposition that such an agreement as is testified to is manifestly against good morals and public policy, and that no court will aid a party to it, either to carry out its provisions or to rescind it, and recover property parted with in the execution of the same."

It must be understood that we are passing only upon the suffi-

ciency of the facts alleged in the complaint upon a demurrer which admits the facts solely for the purpose of testing their legal sufficiency. They are not facts that have been proved, but only facts which the plaintiff alleges as being able to prove. While the legal principles stated in the opinion preclude a recovery by the plaintiff in a civil action on account of participation in the wrongful acts alleged, obviously, this holding is not to be considered as a condonation of any offense that might have been committed by the defendant, the plaintiff or the plaintiff's husband, nor as inhibiting further appropriate proceedings on account of any offense or misconduct in connection with the transaction set forth in the complaint.

The judgment of the lower court dismissing the action is affirmed.

BRONSON, Ch. J., and BIRDZELL and CHRISTIANSON, JJ., and JANSONIUS, Dist. J., concur.

NUESSLE and JOHNSON, JJ., being disqualified, did not participate; Honorable CHAS. M. COOLEY, Judge of the First Judicial District, and Honorable FRED JANSONIUS, Judge of the Fourth Judicial District, sitting in their stead.