WALLER, Chief Justice,
for the Court.
¶ 1. Ground Control, LLC, seeks review of summary judgment granted in favor of Capsco Industries and other defendants. The circuit court held in part that Ground Control’s failure to obtain a certifícate of responsibility, as required by Mississippi Code Section 31-3-15, rendered its construction contract with Capsco null and void. While we affirm the court’s finding that the lack of certificates of responsibility rendered the parties’ contract null and void, we reverse the grant of summary judgment in part and remand this case for further proceedings on whether Ground Control is entitled to recover based on claims of unjust enrichment and quantum meruit. We also reverse the grant of summary judgment in favor of Harrah’s and Yates because of inadequate notice of the conversion from a motion to dismiss to a motion for summary judgment.

FACTS AND PROCEEDINGS BEFORE THE TRIAL COURT

¶ 2. The plaintiff and counter-defendant below, Ground Control, LLC, an Alabama corporation, entered into a contract with Capsco Industries, Inc., also an Alabama corporation, to perform construction on the “Margaritaville Spa and Hotel” in Biloxi, on behalf of Harrah’s Entertainment, Inc. W.G. Yates and Sons Construction Company served as the general contractor. Capsco was employed as a subcontractor, and Capsco subcontracted in-ground construction work to Ground Control.
¶ 3. Capsco entered into its contract with Ground Control on December 19, 2007; neither Yates nor Harrah’s was a party to the contract. Ground Control was to perform work related to in-ground installation of water, sewage, and storm-drain lines. It is undisputed that neither party obtained a certificate of responsibility as required by Mississippi Code Section 31 — 3— 21. Ground Control worked on the project until October 28, 2008, when Yates terminated it from the project for alleged safety violations and failed drug tests of its employees.
¶ 4. On August 25, 2009, Ground Control filed its complaint against the defendants in Harrison County Circuit Court. On December 4, 2009, Capsco counterclaimed and filed a third-party claim against Ground Control’s president, Frank Beaton, alleging that Ground Control breached the contract and that Beaton had committed acts of fraud. On December 8, 2009, Har-rah’s and Yates jointly moved to dismiss for lack of privity. On December 29, 2009, Ground Control filed a supplemental complaint alleging various extracontractual claims. On January 2, 2012, Capsco filed a motion for summary judgment, and a hearing subsequently was held on Harrah’s and Yates’ joint motion to dismiss as well as Capsco’s motion for summary judgment. On April 4, 2011, the trial court granted summary judgment to Capsco and to Har-rah’s and Yates, even though the latter two jointly had moved to dismiss and not for summary judgment. The record shows that Ground Control never received notice that Yates’ and Harrah’s motion to dismiss would be converted to a motion for summary judgment until the trial court issued *368 its order granting summary judgment. Ground Control timely filed this appeal.
DISCUSSION
¶ 5. This Court applies a de novo standard of review to a circuit court’s grant or denial of summary judgment. Kilhullen v. Kan. City S. Ry., 8 So.3d 168, 174 (Miss.2009). Upon review, this Court must view the evidence “in the light most favorable to the party against whom the motion has been made.” Id. (quoting Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993)).
¶ 6. On appeal, Ground Control asks the court to consider multiple issues pertaining to the three defendants. Because some of the issues are very closely related to one another, we have consolidated the arguments for the sake of clarity into the following issues: (1) whether Ground Control’s failure to acquire the proper certification pursuant to statute barred any claim for recovery against Capsco and (2) whether the trial court properly converted Yates’ and Harrah’s motion to dismiss to one for summary judgment.
I. WHETHER GROUND CONTROL’S FAILURE TO ACQUIRE THE PROPER CERTIFICATION UNDER SECTION 31-3-15 BARRED ANY CLAIM FOR RECOVERY AGAINST CAPSCO.
¶ 7. The contract between Capsco and Ground Control falls within Mississippi Code Section 31-3-15, which requires contractors to have certificates of responsibility. It states:
No contract for public or private projects shall be issued or awarded to any contractor who did not have a current certificate of responsibility issued by said board at the time of the submission of the bid, or a similar certificate issued by a similar board of another state which recognizes certificates issued by said board. Any contract issued or awarded in violation of this section shall be null and void.
Miss.Code Ann. § 31-3-15 (Rev.2010) (emphasis added).
¶ 8. The stated purpose of requiring certificates of responsibility “is to protect the health, safety and general welfare of all persons dealing with those who are engaged in the vocation of contracting and to afford such persons an effective and practical protection against incompetent, inexperienced, unlawful and fraudulent acts of contractors.” Miss.Code Ann. § 31-3-2 (Rev.2010) (emphasis added). Clearly, the statute was intended to protect both parties to the contract. Furthermore, the penalties that serve to deter parties from entering illegal contracts— such as voiding the contract and imposing fines — apply to both parties.[1]
¶ 9. Both Ground Control and Capsco were required by statute to obtain certificates of responsibility. Both failed to do so.
*369 ¶ 10. This Court has never determined whether a party to an illegal contract is barred from recovery under theories of unjust enrichment or quantum meruit. We are not dealing with an unlawful activity contemplated by the rule that “[n]o Court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act.” Price v. Purdue Pharma Co., 920 So.2d 479, 484 (Miss.2006) (plaintiff was suing for his drug addiction) (citing Morrissey v. Bologna, 240 Miss. 284, 300-01, 123 So.2d 537, 545 (1960) (plaintiff was suing to recover an unlawful gaming debt).
¶ 11. It can be argued that Ground Control should be denied equitable relief because it does not have clean hands. See Bailey v. Bailey, 724 So.2d 335, 337 (Miss.1998) (finding that “[t]he clean hands doctrine prevents a complaining party from obtaining equitable relief in court when he is guilty of willful misconduct in the transaction at issue”). However, Capsco should not be able to use this defense in light of its far more egregious conduct. Capsco recruited Ground Control to do the work although it knew that Ground Control did not hold a certifícate of responsibility as required by statute. Both were qualified to enter into the contract, and yet Capsco argues that the penalty should be applied only to Ground Control.
¶ 12. In a case remarkably similar to this one, the Supreme Court of Nevada held that, where a subcontractor was not licensed in Nevada (though required by statute), the parties’ contract was void, and therefore contractual remedies were precluded; however, the subcontractor’s claims for fraud and unjust enrichment were not barred. Magill v. Lewis, 74 Nev. 381, 333 P.2d 717 (1958). That court discussed the general rule that courts will not lend aid to parties of an illegal contract but found that this rule should not be applied “where, by applying the rule, the public cannot be protected because the transaction has been completed, where no serious moral turpitude is involved, where the defendant is the one guilty of the greatest moral fault, and where to apply the rule will be to permit the defendant to be unjustly enriched at the expense of the plaintiff.” Id. Here, the subject matter of the contract — construction work performed by Ground Control — was perfectly legal. Most states provide for exceptions for legitimate work done under illegal contracts. Some states — Arizona, Arkansas, California, Idaho, Iowa, Louisiana, Nevada, Oregon, and Tennessee — allow parties to a void contract to recover through claims of quantum meruit or unjust enrichment.[2] *370 Other states — Alabama, Delaware, the District of Columbia, Indiana, Kentucky, Missouri, New Jersey, New York, North Dakota, Utah, Vermont, Washington — permit recovery by the party that the statute was designed to protect or by the party that was less culpable in the illegal agreement.[3] This Court has explained that *371 “courts of this state have always, in proper cases, been prepared to ‘hold a person to a representation made or a position assumed where otherwise inequitable consequences would result to another who, having the right to do so under all of the circumstances of the case, has in good faith relied thereon and been misled to his injury.’” PMZ Oil Co. v. Lucroy, 449 So.2d 201, 206 (Miss.1984) (quoting Stokes v. Am. Cent. Ins. Co., 211 Miss. 584, 589, 52 So.2d 858, 360 (1951)); PMZ Oil Co. v. Lucroy, 449 So.2d 201, 206 (Miss.1984) (quoting Stokes, 52 So.2d at 360).
¶ 13. The trial court granted Cap-sco’s motion for summary judgment on the basis that Mississippi Code Section 31-3-15 rendered the parties’ contract null and void; and since an express contract existed, the court held that Ground Control was precluded from recovering under the claims of unjust enrichment and quasi-contract. The trial court explained that “such a recovery would frustrate the public policy purposes inherent in the statutory licensure requirements.” We disagree. The statutory penalties in Sections 31-3-15 and 31-3-21 still penalize unlicensed contractors. Unjust enrichment applies to situations “where there is no legal contract and ‘the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another.’ ” Powell v. Campbell, 912 So.2d 978, 982 (Miss.2005) (emphasis added) (citing Koval v. Koval, 576 So.2d 134, 136 (Miss.1991) (citation omitted). That is precisely the situation before us.
¶ 14. Capsco knowingly solicited Ground Control to enter into an unlawful contract, allowed Ground Control to perform a substantial part of the work, made an interim payment to Ground Control, and obtained payment from Yates for Ground Control’s work. To allow Capsco to use the void contract to shield itself from any obligation to pay for the work performed by Ground Control is unconscionable. Enforcing the statute in such a way as to preclude any recovery is inequitable, invites fraudulent activity, and violates the Remedy Clause of our State Constitution. See Miss. Const, art. 3, § 24.
¶ 15. Although the contract is void pursuant to Section 31-3-15, Ground Control should not be precluded from having the opportunity to proceed in court under a claim for the value of what it expended in labor and supplies on the project. We do not address the issue of other penalties, if any, that may be appropriate for the trial court to address.
II. WHETHER THE TRIAL COURT ERRONEOUSLY CONVERTED YATES’ AND HARRAH’S MOTION TO DISMISS TO ONE OF SUMMARY JUDGMENT.
¶ 16. Ground Control complains that the trial court, sua sponte and without notice, converted the joint motion to dismiss filed by Yates and Harrah’s into a motion for summary judgment. The record before the Court supports Ground *372 Control’s contention. Yates and Harrah’s filed a joint motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12. The transcript of the hearing shows that the parties appeared before the trial court and argued the merits of a Rule 12 motion to dismiss. Although the trial judge and the parties discussed the possible conversion of the motion into a motion for summary judgment, the attorneys for Yates and Harrah’s insisted their motion was a Rule 12 motion to dismiss. The hearing concluded without any notice that the trial court would convert the motion to a Rule 56 motion for summary judgment. However, when the trial court issued its opinion, it announced that it had converted the motion into one for summary judgment and granted summary judgment in favor of Yates and Harrah’s. The opinion was the first indication to Ground Control that the motion had been converted.
¶ 17. When a motion to dismiss under Rule 12(b)(6) is converted to a motion for summary judgment, the requirements of Rule 56 apply, and “all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56....” Miss. R. Civ. P. 12(c). As explained in Palmer v. Biloxi Regional Medical Center, 649 So.2d 179 (Miss.1994):
Whenever a motion to dismiss under Rule 12(b)(6) is converted into a motion for summary judgment, the requirements of Rule 56 become operable. It is important that the court give the parties notice of the changed status of the motion and a “reasonable opportunity to present all material made pertinent to such a motion by Rule 56” .... Accordingly, before this Court can determine on appellate review if the non-moving party has had a reasonable time in which to file documentation in opposition to a Rule 12(b)(6) motion that has been converted to a Rule 56 motion for summary judgment, we must determine if the non-moving party has been afforded ten days notice of the court’s intention to conduct a summary judgment hearing on a date certain.
Id. at 182-83 (citation omitted).
¶ 18. Ground Control relies on Sullivan v. Tullos, 19 So.3d 1271, 1277 (Miss.2009), for the proposition that conversion of a motion to dismiss into one for summary judgment requires ten days’ notice. Yates and Harrah’s counter that, just a month prior to Sullivan, this Court handed down Davis v. City of Clarksdale, 18 So.3d 246 (Miss.2009). While, in Davis, a motion to dismiss was converted to a motion for summary judgment, notice of the conversion does not appear to have been an issue and was not discussed therein.
¶ 19. This Court’s most recent treatment of the issue may be found in Delta MK, LLC v. Mississippi Transp. Comm’n, 57 So.3d 1284 (Miss.2011). The Court clearly tied the need to provide notice to the trial court’s decision to convert the motion from one to dismiss to one for summary judgment. There, the Court said “[i]t is important that the court give the parties notice of the changed status of the motion....” Id. at 1289 (¶ 13) (emphasis added). The Court also stated that it “must determine if the non-moving party has been afforded ten days’ notice of the court’s intention to conduct a summary judgment hearing” and that “the judge must give all parties ten days’ notice that he is converting the motion.” Id. (emphasis added). No matter how baseless the claims of the nonmoving party may be, reversal is warranted when the trial court fails to give proper ten-days’ notice. Id.
¶ 20. Furthermore, the Delta MK Court expressly rejected an argument made in the case sub judice by Yates and Harrah’s — that Ground Control cannot rely on an argument of surprise, because *373 it, too, submitted matters outside the pleadings for the trial court’s consideration. Delta MK, 57 So.3d at 1290 (¶ 17). Davis offers no- help to Yates and Har-rah’s, either. While the Court did accept the trial court’s conversion of the Davis motion to dismiss to a motion for summary-judgment and considered it as a motion for summary judgment on appeal, the Davis opinion is silent on the issue presented here.
¶21. The trial court did not inform Ground Control of its intent to convert the motion to dismiss into a motion for summary judgment until the order was issued. The transcript of the hearing on the motion to dismiss indicates the parties were arguing a Rule 12 — not a Rule 56 — motion. The trial court raised the possibility of converting the motion, and counsel for Yates and Harrah’s insisted that the motion remained a Rule 12 motion to dismiss. In short, Ground Control never had the opportunity to present summary judgment argument to the trial court. In Palmer v. Biloxi Regional Medical Center, Inc., the Court wrote with approval of the Eleventh Circuit’s reasoning behind the notice requirement:
The Eleventh Circuit has consistently enforced the strict notice requirements of Rule 12(b) and 56, creating a bright-line rule: If a trial court fails to comply with the ten-day notice requirement, the case will be reversed and remanded so that the trial court may provide the non-moving party with adequate notice. Whenever a trial judge converts a 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside of the pleadings the judge must give all parties ten days notice that he is converting the motion.
The Eleventh Circuit’s strict enforcement of the notice requirements of Rule 12(b) and Rule 56 is consistent with our constitution and our case law. Considerations underlying the ten-day notice requirement of Rule 56 make it clear why this notice requirement is enforced so strictly. A successful summary judgment motion results in a final adjudication of the merits of a case. Therefore, it is an absolute necessity that the trial court inform the parties of its intent to convert a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment, and give the parties the opportunity to submit materials in opposition to the motion. The requirements of Rule 56(c), far from being a mere extension of our liberal procedure exalting substance over form, represents a procedural safeguard to prevent the unjust deprivation of a litigant’s constitutional right to a jury trial.
Palmer v. Biloxi Reg’l Med. Ctr., Inc., 649 So.2d 179, 183-84 (Miss.1994) (citations omitted).
¶ 22. In the case sub judice, the trial court failed to inform Ground Control the motion would be considered under Rule 56 until its order granting the motion was issued. Accordingly, we reverse the grant of summary judgment to Yates and Har-rah’s and remand the issue to the trial court for proceedings consistent with this opinion.
CONCLUSION
¶ 23. Although we agree with the trial court’s finding that the lack of certificates of responsibility rendered the parties’ contract null and void, we find that Ground Control’s claims for unjust enrichment and quantum meruit are not barred by Mississippi Code Section 31-3-21. Therefore, the grant of summary judgment in favor of Capsco is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.
*374 ¶ 24. The grant of summary judgment in favor of Yates and Harrah’s is reversed, and the case is remanded to the trial court for failure to give proper notice of the conversion of the Rule 12 motion to dismiss to a Rule 56 motion for summary judgment.
¶ 25. REVERSED AND REMANDED.
DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER AND KING, JJ., CONCUR. DICKINSON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., LAMAR, KITCHENS, CHANDLER AND KING, JJ. RANDOLPH, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PIERCE AND COLEMAN, JJ. COLEMAN, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., AND PIERCE, J.

. The statutory penalties for entering a contract where one or both of the parties have no certificate of responsibility are (1) to void the contract, (2) find the violators guilty of a misdemeanor, (3) fine up to $1,000, or imprison for no more than six months or impose both such fine and imprisonment. In addition, the State Board of Contractors may issue an order of abatement directing the contractor to cease all actions until Mississippi state law is complied with, require the violator to pay to the board a civil penalty of not more than three percent of the total contract being performed by the contractor, and require the violator to perform community service for a specified number of hours as determined by the board. Miss.Code Ann. §§ 31-3-15; 31-3-21(1) and (2); and 31-3-21(4) (Rev.2010).

. See, e.g., Barry v. Pac. W. Constr., Inc., 140 Idaho 827, 103 P.3d 440 (2004) (illegal contract was unenforceable, however, subcontractor was entitled to recover for work performed under a theory of unjust enrichment; subcontractor’s recovery was limited to restitution); W. Corr. Group, Inc. v. Tierney, 208 Ariz. 583, 590, 96 P.3d 1070, 1077 (Ariz.Ct.App.2004) (finding that a contract is void due to statutory violation does not impose a blanket prohibition on the recovery of quantum meruit damages); City of Damascus v. Bivens, 291 Ark. 600, 603, 726 S.W.2d 677, 679 (1987) (where a contract is illegal, the claimant may recover where the recovery is for unjust enrichment); Mesaba Serv. & Supply Co. v. Martin, 67 Or.App. 89, 95, 676 P.2d 930, 933 (1984) (holding that, until an illegal contract is executed, the law will aid in the recovery of money paid or property delivered in part performance of the illegal contract); Gene Taylor & Sons Plumbing Co. v. Corondolet Realty Trust, 611 S.W.2d 572, 577 (Tenn.1981) (When a contract was determined to be illegal and unenforceable, appellant was permitted to recover actual expenses in the form of labor and materials expended on the project as shown by clear and convincing proof but was not allowed to recover any amounts which constituted profit under the contract); Coleman v. Bossier City, 305 So.2d 444, 445 (La.1974) (supplier or contractor was allowed recovery against the public body, not on the contract itself (which was held to be null and *370 void), but rather on an unjust-enrichment theory); M. Arthur Gensler, Jr., Assoc., Inc. v. Larry Barrett, Inc., 7 Cal.3d 695, 702, 103 Cal.Rptr. 247, 499 P.2d 503 (1972) (illegal contract enforced if defendant would be unjustly enriched or plaintiff would be subject to harsh penalty); Magill v. Lewis, 74 Nev. 381, 387, 333 P.2d 717, 720 (1958) (finding that preclusion of a remedy through a claim for unjust enrichment would impose a penalty "beyond and in addition to that provided by the statute”); Horrabin Paving Co. v. City of Creston, 221 Iowa 1237, 262 N.W. 480, 483 (1935) (where a benefit has been received by a municipal corporation under an express but ultra vires contract, there may be recovery on the grounds of quasi contract or unjust enrichment).

. See, e.g., Bondi v. Citigroup, Inc., 423 N.J.Super. 377, 405, 32 A.3d 1158, 1174 (2011) (holding that, under New Jersey law, the patty invoking the defense of in pari de-licto must establish that the party against whom the defense is asserted must have "substantially equal responsibility for the underlying illegality” to permit dismissal of claims asserted by the aggrieved party); In re Am. Int’l Group, Inc., Consol. Derivative Litig., 976 A.2d 872, 883 (Del.Ch.2009) aff'd sub nom. Teachers' Ret. Sys. of Louisiana v. Gen. Re Corp., 11 A.3d 228, 2010 WL 5394004 (Del.2010) (if a plaintiff engaged in illegal acts because of duress or where an illegal contract is "intrinsically unequal,” the parties are not considered to be in truly equal fault and in pari delicto will not bar the plaintiff’s action); Jipac, N.V. v. Silas, 174 Vt. 57, 66, 800 A.2d 1092, 1100 (Vt.2002) (courts will afford relief from illegal contracts "where equity requires it, to the more innocent party even after the agreement has been executed”); A.K. & R. Whipple Plumbing & Heating v. Aspen Constr., 1999 Utah Ct.App. 87, 977 P.2d 518, 523 (1999) (where the Utah Court of Appeals carved out exceptions to the general rule barring recovery to parties to an illegal agreement); Monsignor Bernard P. Sheridan Counsel No. 6138 Knights of Columbus v. Bargersville State Bank, 620 N.E.2d 732, 735 (Ind.Ct.App.1993) (unless the parties are in pari delicto (in equal fault) the less guilty party may recover); Golberg v. Sanglier, 96 Wash.2d 874, 883, 639 P.2d 1347, 1353, amended, 96 Wash.2d 874, 647 P.2d 489 (Wash.1982) (where the conduct of the party who seeks to enlist support of the doctrine of in pari delicto outrages public sensibilities more than the conduct of the party against whom the doctrine is sought to be applied, courts will not support application of the rule); Twiehaus v. Rosner, 362 Mo. 949, 954, 245 S.W.2d 107, 112 (Mo.1952) (the Court carved out two exceptions to the rule that the law leaves parties to an illegal contract where it finds them: (1) "If refusal to enforce or to rescind an illegal bargain would produce a harmful effect on parties for whose protection the law making the bargain illegal exists, enforcement or rescission, whichever is appropriate, is allowed”; and (2) "The nature or terms of a statute or rule of law will also sometimes indicate that it is intended for the protection of one class of individuals against another, and where this is the case the party belonging to the class whose protection was intended may recover what he has paid”; Rubin v. Douglas, 59 A.2d 690, 691 (D.C.Mun.App.1948) (Courts have permitted persons to recover on an illegal contract when "the law in question was passed for his protection and it appears that the purposes of the law will be better effectuated by granting relief than by denying it”); Furman v. Furman, 178 Misc. 582, 586, 34 N.Y.S.2d 699, 704 (1941) aff'd, 262 A.D. 512, 30 N.Y.S.2d 516 (N.Y.App.Div.1941) aff'd, 287 N.Y. 772, 40 N.E.2d 643 (N.Y.1942) (Where the parties are not equal in guilt (in pari delicto) but where one of them, although participating in the wrong, is less guilty than the other, the party more at fault cannot employ the doctrine of pari delicto to shield his deliberate invasion of the rights of the former. In such a situation, the parties are said to be in parti-ceps criminis and not in pari delicto, and a law court will grant relief to the less guilty of the parties who has suffered a deliberate wrong.); May v. Draper, 220 Ala. 214, 216, 124 So. 89, 91 (Ala.1929) (holding that the principle that the law will leave parties to an illegal transaction where it finds them presupposes that the parties are equally at fault. If the payment has been extorted or induced *371 by duress, oppression, or undue influence, it can be recovered.); Janzen v. Crum, 50 N.D. 544, 197 N.W. 138, 139 (N.D.1924) (The general rule that the law leaves parties to illegal agreements where it finds them is not applied where the party asking to be relieved from the effect of an illegal agreement was induced to enter into the same by means of force, fraud, duress, undue influence, threats, or where money or property is obtained by a public officer by color of his office.); Chapman v. Haley, 117 Ky. 1004, 80 S.W. 190, 191 (Ky.1904) ("If both parties are equally guilty of a breach of the law, a court of justice cannot interpose to aid in behalf of either, for it is a settled rule that in ‘pari delicto potior est conditio defendentis.’ ”) (emphasis added).