# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2019

No. 18-60032

Lyle W. Cayce
Clerk

GREENWICH INSURANCE COMPANY; INDIAN HARBOR INSURANCE COMPANY,

Plaintiffs-Counter Defendants - Appellees

v.

CAPSCO INDUSTRIES, INCORPORATED,

Defendant - Appellee

GROUND CONTROL, L.L.C.,

Defendant-Counter Claimant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

In Mississippi state court, a subcontractor was held to be liable to a company with which it had contracted for what the latter had expended for labor and materials on a construction project. The subcontractor's liability insurers successfully sought a declaration in federal court that it did not owe a duty to indemnify. We AFFIRM.

No. 18-60032

## FACTUAL AND PROCEDURAL BACKGROUND

Capsco Industries, Inc. was a subcontractor on the construction of a casino called the Margaritaville Spa and Hotel in Biloxi, Mississippi. In December 2007, Capsco subcontracted with Ground Control to install water, sewage, and storm-drain lines. Ground Control was terminated from the project by the general contractor in October 2008 "for alleged safety violations and failed drug tests of its employees." *Ground Control, LLC v. Capsco Indus., Inc.* (*Ground Control I*), 120 So. 3d 365, 367 (Miss. 2013). In August 2009, Ground Control filed suit in Mississippi state court against multiple parties, including Capsco, seeking payment for its work on the project. *Id.* The claims were dismissed on summary judgment based on the trial court's legal conclusion that because neither party had obtained the required certificates of responsibility from the State Board of Public Contractors, the parties' contract was void. *Id.* The Mississippi Supreme Court agreed the contract was void but reversed and remanded for further proceedings based solely on theories of unjust enrichment and *quantum meruit*. *Id.*

In July 2014, while the state-court case was on remand, Capsco's liability insurers, Greenwich Insurance Company and Indian Harbor Insurance Company, filed a complaint for declaratory judgment in the United States District Court for the Southern District of Mississippi, seeking a declaration that they did not owe a defense or indemnity to Capsco regarding Ground Control's suit. The Defendants were Ground Control, Capsco, the general contractor, and the casino owner. The latter two parties were voluntarily dismissed in April 2017. Ground Control counterclaimed for coverage of its claims against Capsco. The two insurers and Ground Control each moved for summary judgment regarding indemnification. The district court dismissed the motions without prejudice and stayed proceedings until the state-court litigation ended.

2

No. 18-60032

In state court, a jury awarded Ground Control over $825,000 in damages against Capsco. On appeal, the Mississippi Supreme Court this time ordered the parties either to accept a remittitur that would reduce the award to $199,096 or to proceed to a new trial. *Ground Control, LLC v. Capsco Indus., Inc.* (*Ground Control II*), 214 So. 3d 232, 246-47 (Miss. 2017). With a second trial in state court in the offing, the federal district court partially lifted the stay to allow resolution of the existence of a duty to defend. Each party moved for summary judgment. In August 2017, the district court held the two insurers did not owe Capsco a duty to defend. The parties later accepted the remittitur, and the state trial court entered final judgment in October 2017.

After a final judgment was entered in state court, the district court lifted the stay on the indemnification issue. Each party again moved for summary judgment. In December 2017, the district court held that no indemnification was due, and it entered final judgment. Ground Control timely appealed. Ground Control acknowledges in its briefing that it had no evidence that would support indemnity during the period of Indian Harbor's policy. Thus, its claim here as to a duty to indemnify solely applies to Greenwich. Ground Control also has moved to vacate the judgment and dismiss the case without prejudice for lack of subject matter and personal jurisdiction. A panel of the court ordered the motion to be carried with the case.

## DISCUSSION

I. *Jurisdiction and Controlling Law*

We first examine our jurisdiction. Diversity has been the purported basis for jurisdiction. Our initial examination of the appellate record made us unsure if complete diversity existed. That was because the citizenship at the time of suit of the members of Ground Control, a limited liability company, was unclear. The citizenship of an LLC is determined by the citizenship of each of

its members. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). Further, it is the citizenship of the parties when suit is filed that controls. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004).

After this court raised the issue with the parties, the two insurers filed in the record on appeal an amended complaint in which they alleged that all of Ground Control's members were citizens of Alabama at the time suit was filed. If true, that would establish complete diversity. Although Ground Control initially responded to our raising the issue by moving to vacate and dismiss for lack of subject matter jurisdiction, its members later filed affidavits in this court in which they affirmed their Alabama citizenship the day this suit began. We take judicial notice of these facts. *See* FED. R. EVID. 201(b)-(c), 1101(a)-(b). Diversity jurisdiction has existed from the start of this suit.

Second, Ground Control argues we should vacate the district court's order and dismiss the case because the district court lacked personal jurisdiction over Capsco.[1] This contention is rejected. "Personal jurisdiction is an individual right that is subject to waiver" by making a general appearance in the district court. *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 655 n.20 (5th Cir. 2002). Ground Control cannot challenge personal jurisdiction over a third-party, Capsco, who appeared in the district court and acquiesced to its jurisdiction.

Lastly, "we apply state substantive law" in diversity cases. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 760 n.3 (5th Cir. 2019). The parties agree Alabama law controls in resolving these insurance issues. Thus, our goal is to

---

[1] Ground Control's argument assumes Capsco is a required party to the litigation. *See* FED. R. CIV. P. 19.

4

No. 18-60032

decide this appeal as the Alabama Supreme Court would. *See Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

## II.    *Duty to Indemnify*

"We review a district court's grant of summary judgment *de novo*, applying the same standard of review as would the district court." *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155-56 (5th Cir. 2018) (citation omitted). The movant must demonstrate "there is no genuine issue of material fact and that [it] is entitled to judgment as a matter of law." *Id.* at 156 (citing FED. R. CIV. P. 56(c)). "[I]nferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Id.* (citation omitted). The party who desires coverage under an insurance policy has the burden "to prove that coverage exist[s]." *Alabama Hosp. Ass'n Tr. v. Mut. Assurance Soc'y of Ala.*, 538 So. 2d 1209, 1216 (Ala. 1989).

Whether Greenwich must indemnify Capsco depends on the policy language. The relevant provisions are these:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies.

> This insurance applies to . . . "property damage" only if:
>     The . . . "property damage" is caused by an "occurrence."

> "Property damage" means . . . Physical injury to tangible property, including all resulting loss of use of that property . . . or . . . Loss of use of tangible property that is not physically injured.

> "Occurrence" means an accident.

Greenwich's argument is straightforward. The Mississippi Supreme Court's initial reversal of the state trial court's dismissal of the case permitted Ground Control on remand to pursue, under principles of unjust enrichment

and *quantum meruit*, "the value of what it expended in labor and supplies on the project." *Ground Control I*, 120 So. 3d at 371. The policy requires the insured to pay for property damage, which the policy states is either actual damage to physical property or the loss of its use. Greenwich argues that it is obvious that expenses for labor and supplies cannot meet the policy requirements. It relies on an Alabama Supreme Court interpretation of "property damage" in a liability insurance contract similar to the one here that determined "[p]urely economic losses are not included in [the] definition." *American States Ins. Co. v. Martin*, 662 So. 2d 245, 247-48 (Ala. 1995).

Ground Control says it is not that simple. It argues that much of the work it performed under the void contract was to repair physical property: (1) Capsco had Ground Control repair physical damage other contractors caused at the project; (2) Capsco had to alter physical property because of erroneous specifications and directives; and (3) other contractors damaged Ground Control's work at the project.

Our response to these arguments starts with Alabama law. It requires us to examine the state-court suit to ascertain the nature of Ground Control's damages. *See id.* at 248. The Mississippi Supreme Court limited Ground Control's award to "the value of what it expended in labor and supplies on the project." *Ground Control II*, 214 So. 3d at 236 (citation omitted). Ground Control claims that under its (void) contract with Capsco, it incurred expenses for labor and supplies to make repairs to physical property. There is no insurance coverage for those expenses unless the insured, Capsco, was legally obligated to pay those amounts "as damages because of . . . 'property damage' to which this insurance applies."

Ground Control fails to persuade. Capsco's obligation was to pay the party with whom it contracted for its work. Because of the failure of either party to get a certificate of responsibility, any right to recovery in the litigation

shifted from contract to *quantum meruit*. Alabama explains *quantum meruit* this way: "if one knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one who so accepts with knowledge, to pay the reasonable value of such services rendered." *Frank Crain Auctioneers, Inc. v. Delchamps*, 797 So. 2d 470, 474 (Ala. Civ. App. 2000) (quoting *Richards v. Williams*, 165 So. 820, 823 (Ala. 1936)). Capsco was obligated to pay the reasonable value of the services Ground Control provided. It was not paying for property damage or loss of its use; it was paying for labor and materials. Payment for work is a step removed from paying for property damage that necessitated the work. As the Alabama Supreme Court held, "[p]urely economic losses" are not physical injury to tangible property, *i.e.* property damage. *Martin*, 662 So. 2d at 248.

## III.   Bias

Ground Control asserts "[t]he district court exhibited an ongoing disregard of both the controlling legal authority and uncontradicted evidence" and "was predisposed to rule in favor of the insurers." This argument is based on nothing more than disagreeing with the result and the degree of thoroughness with which the district court explained its ruling. We reject the argument.

Ground Control's motion to vacate the district court's judgment and dismiss the case without prejudice is DENIED.

AFFIRMED.