# United States Court of Appeals for the Fifth Circuit

---

No. 25-60012
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2025

Lyle W. Cayce
Clerk

SHARON HARRISON,

*Plaintiff—Appellant*,

*versus*

HOUCHENS FOOD GROUP, INCORPORATED; JOHN DOES 2-3,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:23-CV-25

---

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Sharon Harrison sued Defendant-Appellee Houchens Food Group, Inc. (HFG) after falling at HFG's Food Giant grocery store in Fulton, Mississippi. The district court summarily dismissed Harrison's claims after finding no genuine dispute as to HFG's actual or

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60012

constructive knowledge of the wet floor alleged to have caused Harrison's fall. After our de novo review, we AFFIRM.[1]

On May 27, 2021, Harrison went to Food Giant after shopping with friends. She was in the store for less than six minutes, during which she retrieved a Pepsi from a refrigerated display case and purchased food from the store's deli. As she was leaving, Harrison slipped on some water, fell, and injured her left leg. She does not know how the water came to be on the floor or how long it had been there. But she noticed what presumably were shopping-cart tracks running through the water towards the exit after she fell.

Harrison initially sued in state court, alleging premises liability arising from HFG's actual or constructive knowledge of the wet floor. HFG removed the case to the district court in February 2023 and, eleven months later, moved for summary judgment. For its motion, HFG produced an affidavit from Food Giant's Assistant Store Manager, Amber Dunigan, who was working the day Harrison fell and responded to the accident. Dunigan's job duties included watching for dangerous conditions in the store. The day of the accident, Dunigan had traversed the area where Harrison fell more than once, the last time no more than 20 minutes before the incident. She did not observe water or other substances on the floor, and no one alerted her or other Food Giant employees to a spill or other dangerous condition in the area. HFG also produced surveillance video of the accident. Neither water nor track marks are visible on the video.

The district judge granted summary judgment for HFG, finding no genuine dispute as to HFG's creation, actual knowledge, or constructive knowledge of the wet floor. Harrison moved for reconsideration under

---

[1] *Catalyst Strategic Advisors, L.L.C. v. Three Diamond Cap. SBC, L.L.C.*, 93 F.4th 870, 874 (5th Cir. 2024) (stating appellate review of summary judgment is de novo).

No. 25-60012

federal Rule 59, which the court denied on December 10, 2024. She then appealed the issue of HFG's constructive knowledge of the wet floor.[2]

This is a diversity case, so Mississippi law controls.[3] In Mississippi, premises liability is a creature of negligence, and requires proof that a proprietor negligently created the hazard at issue or, alternatively, had actual or constructive knowledge of the danger and sufficient opportunity to remedy or warn of it.[4] If asserting constructive knowledge, as Harrison does here, a plaintiff must prove the condition existed long enough that the proprietor, in the exercise of reasonable care, should have known of it.[5]

Harrison's proof of constructive knowledge—meaning, the danger she encountered existed long enough that HFG should have known of it—consists of the tracks she saw running through the water towards the exit. But the Mississippi Supreme Court has rejected the notion that tracks or

---

[2] In the district court, Harrison introduced her daughter's testimony, which surmised HFG employees had mopped the area where Harrison fell before the accident. The district court concluded there was no evidence in the record to support the mopping theory and, thus, no genuine dispute that HFG created or had actual knowledge of the wet floor. On appeal, Harrison omits argument and authorities on the issues of HFG's creation or actual knowledge of the wet floor, so forfeited them. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

[3] *See Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019).

[4] *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995); *J. C. Penney Co. v. Sumrall*, 318 So. 2d 829, 832 (Miss. 1975).

[5] *Drennan v. Kroger Co.*, 672 So. 2d 1168, 1170 (Miss. 1996); *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 286 (Miss. 1986).

footprints through a spill, without more, constitute sufficient proof of constructive notice.[6] Sitting in diversity, we must do the same.[7]

Harrison also urges the *absence* of additional surveillance video, formal inspection reports, or photographs of the area intimates constructive notice. The district court found the absence of evidence supporting Harrison's theory warranted summary judgment, not its denial.[8] We agree.

Finally, Harrison maintains *Thomas v. Boyd Biloxi LLC*[9] saves her case. The *Thomas* evidence materially differs from Harrison's, in both quality and quantity. In *Thomas*, the defendant-proprietor's employee testified the plaintiff-patron fell in a "known slippery area."[10] The same employee had previously observed children slip and fall there, and alerted her supervisors

---

[6] *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293, 295–96 (Miss. 1988) (finding "no evidence" of proprietor's negligence where witnesses testified puddle on floor was "dirty and had shopping cart tracks and footprints through it"); *see also Hearn v. Square Prop. Invs.*, 297 So. 3d 292, 296 (Miss. Ct. App. 2020) ("Although [witnesses] stated that the puddle had footprints and shopping-cart tracks in it, this only proves that the puddle existed. Without more, it is impossible to determine whether that period of time was for several minutes or several hours." (footnote omitted)). The Mississippi Court of Appeals has held that a photograph of a soiled spill "with shoe prints and cart tracks in it" sufficed to create a jury issue on constructive notice, but Harrison hasn't pointed to comparable evidence in this record. *Ducksworth v. Wal-Mart Stores, Inc.*, 832 So. 2d 1260, 1262 (Miss. Ct. App. 2002).

[7] *Hux v. S. Methodist Univ.*, 819 F.3d 776, 780 (5th Cir. 2016) (stating, when applying state law in diversity case, "we look first to the decisions of the" state supreme court).

[8] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966) ("Proof merely of the occurrence of a fall on a floor within business premises is insufficient to show negligence on the part of the proprietor. . . . [T]he doctrine of res ipsa loquitur is inapplicable in cases of this kind.").

[9] 360 So. 3d 204 (Miss. 2023).

[10] *Id*. at 211.

to the dangerous "puddle zone."[11] Separately, the defendant knew that two adult patrons had fallen where the plaintiff's accident later occurred.[12] And the *Thomas* plaintiff offered expert opinion that she slipped due to the wet conditions, not any preexisting physiological issue.[13] There's nothing akin to the *Thomas* evidence in this record. AFFIRMED.

---

[11] *Id.*

[12] *Id.* at 211–12.

[13] *Id.* at 212–13.