# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-IA-01112-SCT

*DOROTHY ANN GLENN*

*v.*

*ANDREW POWELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/2013 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| TRIAL COURT ATTORNEYS: | WILLIE JAMES PERKINS, SR. |
| | JAMES D. BELL |
| | PAUL CALEB KOONCE |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ERIC CHARLES HAWKINS |
| | WILLIE JAMES PERKINS, SR. |
| ATTORNEYS FOR APPELLEE: | JAMES D. BELL |
| | PAUL CALEB KOONCE |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND VACATED IN PART - 10/23/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Following the May 7, 2013, Democratic primary for the Ward 5 seat on the Greenwood City Council, the Greenwood Municipal Democratic Executive Committee certified Dorothy Ann Glenn as the winner and thus the Democratic nominee for the Ward 5 seat on the City Council.[1] Andrew Powell, the runner-up for the Democratic nomination

---

[1] At present, Glenn is the Greenwood City Council Member for Ward 5, having faced no other contenders for the position in the general election in June 2013, which occurred during the pendency of the present suit.

for the Ward 5 seat, challenged the election results, contending that Glenn was not a resident of Ward 5 at the time of the election and that she consequently was ineligible to run for that office. Powell sought a special primary runoff election, without Glenn's name on the ballot. The Circuit Court of Leflore County, Special Election Tribunal, found that Glenn was not a resident of Ward 5, held that she was not qualified to hold the position of Greenwood City Council Member for Ward 5, set aside the results of the primary election of May 7, 2013, and ordered a special primary runoff election without Glenn's name on the ballot. Finding no error below, we affirm in part. We reverse in part and vacate the order of the circuit court for a special primary runoff election.

## FACTS AND PROCEEDINGS BELOW

¶2. In the May 7, 2013, Democratic primary, Glenn garnered 55.51% of the votes cast; the runner-up, Andrew Powell, garnered 39.73% of the votes cast; and Norman Smith, a third contender, garnered 4.56% of the votes cast.[2] Three days after the primary, on May 10, 2013, Powell filed a "Petition for Certification of the True Results of the Democratic Primary Election for City Council Member, Ward 5," pursuant to Mississippi Code Section 23-15-921 (Rev. 2007),[3] with the Greenwood Municipal Democratic Executive Committee ("Executive

---

[2]A write-in candidate received a single vote, garnering 0.2% of the votes cast.

[3]Section 23-15-921 provides the following:

Except as otherwise provided by Section 23-15-961, a person desiring to contest the election of another person returned as the nominee of the party to any county or county district office, or as the nominee of a legislative district composed of one (1) county or less, may, within twenty (20) days after the primary election, file a petition with the secretary, or any member of the county executive committee in the county in which the election was held, setting forth the grounds upon which the primary election is contested . . . .

Committee"). Powell stated that "Glenn is not currently a resident of the 5th ward of Greenwood, M[ississippi] and was not a resident at the time she qualified to run for office, and is therefore ineligible to run for and/or represent the Democratic Party in the general election . . . ." Attached to Powell's petition were affidavits of relatives and acquaintances of Glenn attesting that Glenn did not reside in Ward 5. According to Powell, Glenn erroneously claimed residence at 116 Longino Street in Greenwood in order to qualify to run for the Ward 5 seat when, in actuality, her residence was 301 East Percy Street in Greenwood, a dwelling not situated within Ward 5.[4] Powell requested that the Executive Committee "declare that the true result of the May 7, 2013 primary is that there are two eligible candidates, namely Andrew Powell and Norman Smith, that shall be in a run-off primary election."

¶3. Having received no response from the Executive Committee as of May 16, 2013, Powell filed a "Petition for Judicial Review of the Democratic Primary Results for the Election of the Position of City Councilman, Ward 5" in the Circuit Court of Leflore County. That same day, this Court appointed a special judge to preside over the matter. Glenn responded with a Motion to Dismiss, asserting that the court lacked subject matter and personal jurisdiction and that Powell had failed to state a claim upon which relief could be granted. Alternatively, Glenn asserted an entitlement to summary judgment "on the ground that there is no genuine issue of material fact."

---

[4]Mississippi Code Section 21-8-7(4)(a) (Supp. 2014) provides that "[c]ouncilmen elected to represent wards must be residents of their wards at the time of qualification for election, and any council member who removes the member's residence from the municipality or from the ward from which he was elected shall vacate that office."

¶4.    A bench trial was conducted on May 24, 2013. Persons whose affidavits were attached to Powell's Petition for Certification testified at trial that Glenn did not reside at the 116 Longino Street address, but that she actually resided at 301 East Percy Street, a house not situated within Ward 5. Glenn did testify on her own behalf, denying that she falsely claimed residency at 116 Longino Street in order to meet the residency requirement. Nevertheless, Glenn testified that she had multiple residences, and that she had resided for a time at a business she owned at 601 Broad Street, an address situated in Ward 7. A Registered Voters Report was admitted into evidence showing an address for Glenn (also known as Dorothy Ann Nichols) at 514 East McLaurin Street. But another Voters Report demonstrated that Willie Wayne Gatewood lived at that same address. Gatewood testified that Glenn had never lived at 514 East McLaurin Street, but that she had asked his permission to use that address as her mailing address.

¶5.    The trial court filed Findings of Fact and Conclusions of Law on June 28, 2013, finding that "Glenn has no credibility as a witness" and that "her testimony and the evidence received proves that Ms. Glenn has a propensity to use false addresses to attempt to meet the requirement for candidacy for public office." Finding further that "[t]he overwhelming preponderance of the evidence received during the trial convinced the Court that Dorothy Ann Glenn is not currently a resident of the 5th Ward of Greenwood, Mississippi and was not a resident at the time that she applied to run for office," the trial court held that Glenn had been ineligible to represent the Democratic Party in the general election for the office of Greenwood Municipal City Council Member, Ward 5. As a result of Glenn's disqualification to run as the Democratic nominee, the trial court held further that "the result of the general

4

election for that position is set aside and held for naught," and that if Glenn "has assumed office by the time this order is made final, then she is by Order of this Court removed from office." The trial court ordered a special runoff election to take place "on the first Tuesday after two weeks after the entry of this Order."

¶6.	Aggrieved, Glenn filed on June 30, 2013, a Petition for Interlocutory Appeal in this Court. A panel of this Court granted Glenn's petition and stayed execution of the judgment on July 2, 2013. Glenn raises two issues for interlocutory review:

1.	Whether the lower court had jurisdiction to decide a contest of qualifications of candidates for primary election under Miss. Code Ann. Section 23-15-927 as opposed to Section 23-15-961.

2.	Whether the lower court erred in ordering a special primary runoff election within two weeks between the two losing candidates.

We address each assignment of error in turn.

## DISCUSSION

¶7.	"In an election contest, the standard of review for questions of law is de novo." *Sumner v. City of Como Democratic Executive Comm.*, 972 So. 2d 616, 618 (Miss. 2008) (quoting *Garner v. State Democratic Executive Comm.*, 956 So. 2d 906, 909 (Miss. 2007) (citing *Ladner v. Necaise*, 771 So. 2d 353, 355 (Miss. 2000))). "When a trial judge sits as a fact finder, his or her findings are reviewed for manifest error, and the verdict will not be disturbed unless it 'is a result of prejudice, bias, or fraud, or is manifestly against the weight of credible evidence.'" *Boyd v. Tishomingo County Democratic Executive Comm.*, 912 So. 2d 124, 128-129 (quoting *Miss. Dep't of Transp. v. Johnson*, 873 So. 2d 108, 111 (Miss. 2004)).

5

**1. Whether the lower court had jurisdiction to decide a contest of qualifications of candidates for primary election under Mississippi Code Section 23-15-927 as opposed to Section 23-15-961.**

¶8.     Glenn contends that the lower court lacked jurisdiction under Mississippi Code Sections 23-15-921 and 23-15-927. She urges that, because Powell contested Glenn's qualification as a candidate, his sole remedy consisted of filing a contest under Mississippi Code Section 23-15-961. Mississippi Code Section 23-15-961(1) provides:

> Any person desiring to contest the qualifications of another person as a *candidate for nomination in a political party primary* election shall file a petition specifically setting forth the grounds of the challenge within ten (10) days *after the qualifying deadline* for the office in question. The petition shall be filed with the executive committee with whom the candidate in question qualified.

Miss. Code Ann. § 23-15-961(1) (Rev. 2007) (emphasis added).

¶9.     Powell admittedly filed, on April 23, 2013, an untimely challenge to Glenn's qualifications pursuant to Mississippi Code Section 23-15-961(1), which he concedes was "properly denied by the Greenwood Municipal Democratic Executive Committee." The qualifying deadline was March 8, 2013, and thus Powell had until March 18, 2013, to file a timely challenge to Glenn's qualifications as a candidate for nomination.

¶10.    But, as Powell and the trial court recognize, our examination of Glenn's "lawful qualifications to run for or hold office does not end there," for Powell brought his Petition for Certification and his Petition for Judicial Review *after* the primary election pursuant to Mississippi Code Sections 23-15-921 and 23-15-927. We must ascertain whether the trial court's exercise of jurisdiction under Sections 23-15-921 and 23-15-927 was proper. Section 23-15-921 provides:

Except as otherwise provided by Section 23-15-961, a person desiring to contest the election of another *person returned as the nominee of the party* to any county or county district office, or as the nominee of a legislative district composed of one (1) county *or less*, may, within twenty (20) days *after the primary election*, file a petition with the secretary, or any member of the county executive committee[5] in the county in which the election was held, setting forth the grounds upon which the primary election is contested . . . .

Miss. Code Ann. § 23-15-921 (Rev. 2007) (emphasis added). Likewise, Mississippi Code

Section 23-15-927 provides:

When and after any contest has been filed with the county executive committee, or complaint with the State Executive Committee, and the executive committee having jurisdiction fails to promptly meet or, having met, fails or unreasonably delays to fully act upon the contest or complaint or fails to give with reasonable promptness the full relief required by the facts and the law, the contestant shall have the right forthwith to file in the circuit court of the county in which the irregularities are charged to have occurred . . . .

Miss. Code Ann. § 23-15-927 (Supp. 2014).

¶11. The Democratic primary election was held on May 7, 2013, and Powell filed his Petition for Certification on May 10, 2013, within the twenty-day filing period allowed under Section 23-15-921. Citing Mississippi Code Section 23-15-961(7), which states that "[t]he procedure set forth above shall be the sole and only manner in which the qualifications of a candidate seeking public office as a party may be challenged prior to the time of his nomination or election," the trial court held that "[a]fter the Primary on May 7, 2013, Dorothy Ann Glenn transformed from a 'candidate for nomination' to an apparent or actual

---

[5]*See* Miss. Code Ann. § 23-15-171(1) (Rev. 2007) ("At such primary election the municipal executive committee shall perform the same duties as are specified by law and performed by members of the county executive committee with regard to state and county primary elections."); Miss. Code Ann. § 23-15-171(3) (Rev. 2007) ("All primary elections in municipalities shall be held and conducted in the same manner as is provided by law for state and county primary elections.").

'nominee.'" Thus, the trial court held that Section 23-15-961(1) no longer applied to Glenn, since, after May 7, 2013, she was no longer the "candidate for nomination," but instead had been certified as the Democratic party nominee. The trial court ruled that Section 23-15-921 is "a separate statute governing challenges of a party nominee." We agree. The language of Section 23-15-961 renders it inapplicable to the present case. At the time of Powell's contest filing, Glenn no longer was the "candidate for nomination in a political party primary" under Section 23-15-961(1), but had been "returned as the nominee of the party" under Section 23-15-921. So Powell's contest pursuant to Section 23-15-921 was both procedurally timely and substantively meritorious.

¶12.    Glenn, however, urges that this Court's holding in *Gourlay v. Williams*, 874 So. 2d 987 (Miss. 2004), stands for the proposition that Section 23-15-961 provided Powell an exclusive means of contesting Glenn's qualifications to run for the Ward 5 office. In that case, Gourlay contested Williams's qualifications to run as the Democratic nominee for the position of Bolivar County Supervisor, District 1, pursuant to Mississippi Code Section 23-15-963 (Rev. 2001). *Id.* at 988. This Court held that Section 23-15-961 provided, "*prior to the general election*," "the sole means for contesting the qualifications of a *candidate seeking office as a party nominee*." *Id.* at 989 (emphasis added). This Court determined that any suit under Section 23-15-961 was time barred, since Gourlay filed the contest on September 4, 2003, well beyond ten days following the March 1, 2003, qualifying deadline. Highlighting

8

language from Section 23-15-961(7),[6] this Court left "it to Gourlay to determine what other procedures are 'otherwise provided by law.'" ***Id.***

¶13.    The language employed by this Court in ***Gourlay*** renders that case inapposite from the present one. At the outset, the ***Gourlay*** Court distinguished Sections 23-15-961 and 23-15-963, a question not before this Court in the present case. Moreover, here, Glenn was a "*candidate* seeking office as a party nominee" in the primary election. ***Id.*** at 989 (emphasis added). But by the time Powell contested Glenn's election, the primary was complete and Glenn had been "returned as the nominee" of the Democratic party. *See* Miss. Code Ann. § 23-15-921 (Rev. 2007). Therefore, Powell, like Gourlay, was left "to determine what other procedures are 'otherwise provided by law,'" since, according Section 23-15-961(7), he was challenging Glenn's nomination not "prior to," but *after* "the time of [her] nomination . . . ." ***Gourlay***, 874 So. 2d at 989. For Powell, those procedures "otherwise provided by law" can be found in Section 23-15-921.

¶14.    Additionally, Section 23-15-927 vests the circuit court with subject-matter jurisdiction following the filing of an election contest with the executive committee, "in which the

---

[6] Miss. Code Ann. § 23-15-961(7) (Supp. 2014) provides:

> The procedure set forth in this section shall be the *sole and only manner* in which the qualifications of a candidate seeking public office as a party nominee may be challenged *prior to the time of his nomination or election*. After a party nominee has been elected to public office, the election may be challenged as otherwise provided by law. After a party nominee assumes an elective office, his qualifications to hold that office may be contested as otherwise provided by law.

(Emphasis added.)

9

irregularities are charged to have occurred," where that committee "having jurisdiction fails to promptly meet or, having met, fails or unreasonably delays to fully act upon the contest or complaint. . . ." Miss. Code Ann. § 23-15-927 (Supp. 2014). Powell filed his Petition for Certification with the Executive Committee on May 10, 2013. According to Powell, as of May 15, 2013, the Executive Committee had not "investigated the grounds for [the] challenge set forth by Andrew Powell's Petition, had not notified the parties concerned with Andrew Powell's Petition, and had not taken a vote or declared the true results of the Democratic primary for the position of City Council Member, Ward 5," pursuant to Section 23-15-921, as of eight days after the primary election. *See Barbour v. Gunn*, 890 So. 2d 843, 847 (Miss. 2004) (trial court's exercise of jurisdiction was considered proper by this Court where "the general election was so near at hand that a revote was needed immediately to preserve the rights of voters.") Thus, Powell filed his Petition for Judicial Review pursuant to Section 23-15-927 with the Circuit Court of Leflore County on May 16, 2013, with the June 2013 general election looming. A Special Tribunal of the Circuit Court of Leflore County therefore had jurisdiction of Powell's election contest pursuant to Sections 23-15-921 and 23-15-927.

¶15.    The dissent finds that the trial court lacked jurisdiction, averring that "a plain reading of [Section 23-15-961(1)] leads to the conclusion that it is the *only* means by which someone may 'contest the qualifications of another person as a candidate for nomination in a political party primary election.'" Miss. Code Ann. § 23-15-961(1) (Supp. 2014). It is true that Section 23-15-961(7) provides that "[t]he procedure set forth in this section shall be the sole and only manner in which the qualifications of a candidate seeking public office as a party

10

nominee may be challenged . . ." Miss. Code Ann. § 23-15-961(7) (Supp. 2014). But that language, absolute at first blush, is qualified by the following: "prior to the time of his nomination or election." *Id.* Once the primary election has occurred, the candidate who sought the party nomination has transformed into the party nominee. This process, which is at issue in the present case, clearly is contemplated by Section 23-15-921, which provides an avenue of relief to an individual desirous of contesting "the election of another *person returned as the nominee of the party* to any county or county district office . . . ." Miss. Code Ann. § 23-15-921 (Rev. 2007) (emphasis added).

¶16.    Powell was contesting Glenn's qualifications as a "person returned as" the Democratic nominee for the position of Greenwood City Council Member, Ward 5, under Sections 23-15-921 and 23-15-927, and not her qualifications as "a candidate for nomination" *prior to* nomination under Section 23-15-961(1). Thus, the trial court did not err in exercising jurisdiction pursuant to Mississippi Code Sections 23-15-921 and 23-15-927.

## 2.    Whether the lower court erred in ordering a special primary runoff election within two weeks between the two losing candidates.

¶17.    Glenn next avers that Mississippi Code Section 23-15-937 mandates that the governor call special elections, and that the trial court here exceeded its authority by so doing. Section 23-15-937 provides:

> When no final decision has been made by the time the official ballots are required to be printed, the name of the nominee declared by the party executive committee shall be printed on the official ballots as the party nominee, but the contest or complaint shall not thereby be dismissed but the cause shall nevertheless proceed to final judgment and if the judgment is in favor of the contestant, the election of the contestee shall thereby be vacated and the Governor, or the Lieutenant Governor, in case the Governor is a party to the contest, shall call a special election for the office or offices involved. If

11

the contestee has already entered upon the term he shall vacate the office upon the qualification of the person elected at the special election, and may be removed by quo warranto if he fail so to do.

Miss. Code Ann. § 23-15-937 (Supp. 2014). Powell, in the absence of any relevant citation, states that, "[b]ecause this case was pending when the general election occurred, the Tribunal retained jurisdiction over the parties, over the outcome of the general election and over the right of Ms. Glenn to assume and hold office if elected at the general election." The trial court here ordered "a special primary run-off election . . . to take place on the first Tuesday after two weeks after the entry of this order."

¶18.    We agree with Powell that the trial court retained jurisdiction over vacation of Glenn's election, since Section 23-15-937 states that, despite the party nominee's name being placed upon the general election ballot, "the cause shall nevertheless proceed to final judgment and if the judgment is in favor of the contestant, the election of the contestee shall thereby be vacated." The very next phrase provides that "the Governor . . . shall call a special election for the office or offices involved." Miss. Code Ann. § 23-15-937 (Supp. 2014). While the statute vests the trial court with the authority to render a judgment, and even to vacate the election, the legislature mandated that, in such circumstance, the governor shall call a special election. This Court previously has reversed and rendered the judgment of the trial court in the context of a contest of the results of the Democratic primary election for the position of mayor of Houston, Mississippi. *Moore v. Parker*, 962 So. 2d 558, 561 (Miss. 2007). This Court ruled that "[t]he special tribunal erred in ordering a special primary run-off election to be held when it is statutorily mandated that the Governor call such election." *Id.* at 568.

12

¶19.   To the limited extent the trial court ordered a special primary runoff election, we reverse the judgment of the trial court and render a judgment that the governor shall call a special primary runoff election for the office of Greenwood City Council Member for Ward 5 to take place between the remaining qualified candidates, Andrew Powell and Norman Smith.

## CONCLUSION

¶20.   The Circuit Court of Leflore County, Special Election Tribunal, correctly found that Glenn was not a resident of Ward 5 and that she was not qualified to hold the position as Greenwood City Council Member for Ward 5. To the extent the trial court vacated the results of the May 7, 2013, primary election, we affirm. But the trial court exceeded its statutory authority by ordering a special primary runoff election, which the governor is mandated to do. We therefore reverse and vacate the order of the circuit court for a special primary runoff election.

¶21.   **AFFIRMED IN PART; REVERSED AND VACATED IN PART.**

   **WALLER, C.J., RANDOLPH, P.J., CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LAMAR, J.**

   **DICKINSON, PRESIDING JUSTICE, DISSENTING:**

¶22.   Because the trial court lacked jurisdiction to consider Powell's challenge of Glenn's qualifications for office, I respectfully dissent.

¶23.   Both Dorothy Glenn and Andrew Powell sought the Democratic nomination for the Ward 5 city council seat. Glenn prevailed, advanced to an uncontested general election, and assumed office. On May 10, 2013, three days after Glenn took the Democratic primary, but

13

prior to the general election, Powell petitioned the municipal Democratic Executive Committee pursuant to Mississippi Code Section 23-15-921 to challenge whether Glenn possessed the minimum qualifications for that office.[7] Then, having received no response, Powell filed a petition for judicial review pursuant to Mississippi Code Section 23-15-927 in the Circuit Court of Leflore County.[8] The circuit court exercised jurisdiction, found that Glenn lacked the necessary qualifications, removed her from office, and ordered a special election.

¶24.    As a threshold issue, we must determine whether the circuit court possessed jurisdiction over Powell's claim.  He initiated this circuit court proceeding pursuant to Section 23-15-927, which provides judicial review after a county executive committee fails to promptly respond to a complaint.[9]  Powell filed his complaint with the county executive committee pursuant to Section 23-15-921.[10]  So the pertinent question is whether Powell properly brought this challenge pursuant to that section, which provides:

> *Except as otherwise provided by Section 23-15-961*, a person desiring to contest the election of another person returned as the nominee of the party to any county or county district office, or as the nominee of a legislative district composed of one (1) county or less, may, within twenty (20) days after the primary election, file a petition with the secretary, or any member of the county executive committee in the county in which the election was held, setting forth the grounds upon which the primary election is contested; and it shall be the duty of the executive committee to assemble by call of the chairman or three (3) members of said committee, notice of which contest shall

---

[7] Miss. Code Ann. § 23-15-921 (Rev. 2007).

[8] Miss. Code Ann. § 23-15-927 (Rev. 2007).

[9] *Id.*

[10] Miss. Code Ann. § 23-15-921 (Rev. 2007).

14

be served five (5) days before said meeting, and after notifying all parties concerned proceed to investigate the grounds upon which the election is contested and, by majority vote of members present, declare the true results of such primary.[11]

By its terms, Section 23-15-921 provides a procedural avenue "to contest the election of another person returned as the nominee of the party to any county or county district office," except "as otherwise provided by Section 23-15-961."[12]

¶25.    Section 23-15-961(1) provides:

(1) *Any person* desiring to contest the qualifications of another person as a candidate for nomination in a political party primary election *shall* file a petition specifically setting forth the grounds of the challenge within ten (10) days after the qualifying deadline for the office in question. The petition shall be filed with the executive committee with whom the candidate in question qualified.[13]

Given the all-encompassing language "any person" and the mandatory word "shall," a plain reading of this statute leads to the conclusion that it is the *only* means by which someone may "contest the qualifications of another person as a candidate for nomination in a political party primary election."[14]

¶26.    But subsection (7) of that statute provides two exceptions and states:

(7) The procedure set forth in this section shall be the sole and only manner in which the qualifications of a candidate seeking public office as a party nominee may be challenged prior to the time of his nomination or election. After a party nominee has been elected to public office, the election may be challenged as otherwise provided by law. *After a party nominee assumes an*

---

[11] *Id.* (emphasis added).

[12] *Id.*

[13] Miss. Code Ann. § 23-15-961(1) (Rev. 2007) (emphasis added).

[14] *Id.*

*elective office, his qualifications to hold that office may be contested as otherwise provided by law.*[15]

So the statute limits its all-inclusive language by permitting challenges to a candidate's qualifications after the candidate assumes office, if the law otherwise provides for such a challenge. The majority finds that Section 23-15-921 is the "otherwise provided by law."[16] But that interpretation fails for several reasons.

¶27.    First, Section 23-15-961's exception states "*[a]fter a party nominee assumes an elective office*, his qualifications to hold that office may be contested as otherwise provided by law."[17] Section 23-15-921 provides for a challenge "within twenty (20) days after the primary election," not after the candidate assumes office. So Section 23-15-921 cannot fit as an alternative avenue within the plain language of Section 23-15-961.

¶28.    Second, Section 23-15-921 begins by stating "[e]xcept as otherwise provided by Section 23-15-961 . . . ."[18] It is simply illogical to find that this statute falls within the "as otherwise provided by law" language of the statute it identifies as an exception to its own rule.

¶29.    Finally, Section 23-15-921 provides a legal avenue to "contest the election of another person . . . ."[19] But the last two sentences of Section 23-15-961(7) clearly recognize that

---

[15] Miss. Code Ann. § 23-15-961(7) (Rev. 2007) (emphasis added).

[16] *Id.*

[17] *Id.* (emphasis added).

[18] Miss. Code Ann. § 23-15-921 (Rev. 2007).

[19] *Id.*

challenges to the *election* and challenges to a candidate's *qualifications* are distinct things. So the election challenge statute, Section 23-15-921, cannot satisfy the qualification provision's "as otherwise provided in law."[20] And it is here that the majority's response to this opinion fails. The majority focuses on the "nominee" language of Section 23-15-921, but fails to recognize that Section 23-15-921 permits only challenges to the nominee's election, not their qualifications to be elected.[21]

¶30. The plain language of Section 23-15-961 limited Powell's opportunity to challenge Glenn's qualifications to the ten days following the qualification deadline, unless some other provision of law provided for challenges after Glenn assumed office. Because Powell brought this challenge after the primary, but before Glenn took office, pursuant to Section 23-15-921, the circuit court lacked jurisdiction.

**LAMAR, J., JOINS THIS OPINION**.

---

[20] Miss. Code Ann. § 23-15-961(7) (Rev. 2007).

[21] Miss. Code Ann. § 23-15-921 (Rev. 2007).

17