# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-EC-00061-SCT

*VERN GAVIN*

*v.*

*WANDA EVERS*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/28/2023 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| TRIAL COURT ATTORNEYS: | MARK COLEMAN McCLINTON |
| | KAYLYN HAVRILLA McCLINTON |
| | DANNY E. CUPIT |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KAYLYN HAVRILLA McCLINTON |
| | REGAN S. RUSSELL |
| ATTORNEY FOR APPELLEE: | DANNY E. CUPIT |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 03/13/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., COLEMAN, P.J., AND GRIFFIS, J.**

**COLEMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The incumbent candidate, Vern Gavin, lost the election to challenger Wanda Evers. Thereafter, Gavin filed a petition for judicial review in the Hinds County Circuit Court, claiming that Evers was an unqualified elector because she resided outside of the district and that there were several irregularities at the voting precincts. The circuit court granted summary judgment as to the election day irregularities and dismissed the residency claim under Mississippi Rule of Civil Procedure 41(b). Gavin proceeded to file a motion for reconsideration and for additional findings, which the circuit court denied. Gavin appealed. Finding no error, we affirm the circuit court's rulings on the election contest and residency

claims.

## BACKGROUND

¶2.     Prior to the 2023 primary election for Hinds County Supervisor District 4, Gavin challenged Evers's residency based on the facts that (1) her voting address was transferred to Jackson, Mississippi, outside Supervisor District 4, and was transferred back to Clinton, Mississippi, in Supervisor District 4, on October 7, 2021; and (2) she claimed a homestead exemption at a Jackson address before and after the qualifying deadline, February 1, 2023. The Hinds County Executive Committee certified her as a candidate notwithstanding Gavin's challenge; Gavin did not appeal Evers's certification.

¶3.     Evers defeated Gavin by a vote of 1,308 to 1,716 in the 2023 Hinds County Second Democratic Primary runoff election for Hinds County Supervisor District 4.  While Gavin did not request a recount, on September 18, 2023, he filed a contest of the election before the Hinds County Democratic Executive Committee under Mississippi Code Section 23-15-921 (Rev. 2018).  Gavin also filed a petition for judicial review in the Hinds County Circuit Court on September 28, 2023.  In his petition, Gavin requested that a special election be held due to the numerous alleged election day irregularities, which he purported rendered it "impossible to discern the true will and intent of the voters."  Gavin also asserted that the Hinds County Democratic Executive Committee erroneously determined that Evers met the two-year residency requirement of Mississippi Code Section 23-15-300 (Supp. 2024).

¶4.     In her answer, filed on October 5, 2023, Evers conceded that her voting address was

changed, that she owned property in Jackson, Mississippi, and that she claimed a homestead exemption on the property. However, Evers explained that her voting address was changed without her knowledge and that it was changed back within Supervisor District 4 on October 7, 2021, more than two years before the general election. Evers further clarified that her daughter resided in the Jackson residence and that no presumption exists that she resides at the property because, according to Mississippi Code Section 27-33-3 (Rev. 2024), the homestead exemption may be claimed by the head of household for property inhabited by a dependent family member. Evers also denied the existence of any election day irregularities that affected the outcome of the election.

¶5. On October 5, 2023, Evers filed a motion to dismiss or, in the alternative, for summary judgment. Via conference call on October 10, 2023, Evers informed Gavin and the court that she would be filing an amended motion to dismiss and for summary judgment. The court then set a hearing for October 30, 2023, and informed the parties that the hearing would be "for all matters with sufficient time for [Gavin] to respond to [Evers's] motion."

¶6. Evers filed her amended motion and accompanying memorandum on October 12, 2023. Specifically, Evers sought dismissal or summary judgment on Gavin's election contest claim, and she requested summary judgment on Gavin's residency claim. Evers asserted that Gavin's election claims necessarily failed because he did not allege any irregularities that affected the outcome of the election. She also maintained that Gavin's residency claim was untimely under Mississippi Code Section 23-15-961 (Rev. 2019). In addition to her motion

3

for summary judgment, Evers presented eight supporting affidavits from poll managers within the district who "testified that they were there all day, and based on their personal knowledge, none of the election irregularities alleged in the petition occurred that would impact the outcome of the vote."

¶7. Gavin filed his response to Evers's motion on October 23, 2023, without an accompanying memorandum or additional evidence. In his motion, Gavin requested the court to provide at least ten-days' notice if it intended to convert Evers's motion to dismiss to a motion for summary judgment and consider evidence outside the pleadings. In another conference call with the parties, the court reiterated that, as it had made clear in the previous call, it would consider all issues raised at the hearing. Nevertheless, the court allowed an additional ten days and rescheduled the hearing for November 3, 2023.

¶8. The hearing was ultimately rescheduled again at Gavin's request and was held on November 1, 2023. At the outset of the hearing, Gavin asked the court to clarify whether the hearing would be on Evers's motion to dismiss or for summary judgment, asserting that "[i]t cannot be both." The circuit court responded as follows:

> Let me clear it up. I'm considering both motions. I had both of you all on the phone last week when I stated—you raised the issue about 10 days. I set the hearing initially for November 3rd at you-all's request. Then I get notice from you all that Mr. Gavin needed to be out of town for a funeral. I set it again for November 2nd. That date didn't work for you. I reset it for November [1st]. You all agreed to it, and it was understood at that time that the motion to dismiss and the motion for summary judgment were both going to be heard. That is what I explained to you all, and that is what you all agreed to.

4

¶9. Gavin conceded that he did receive the proper ten-day notice and was prepared to address Evers's motion for summary judgment. The day before the hearing, Gavin filed the affidavits of his son, Vern Gavin, Jr., and Ethel Heard. Minutes before the hearing, Gavin produced the affidavit of Aerrione Green. Heard testified that she was a poll watcher in Precinct C-7 and witnessed several voters whose addresses differed from those listed on their IDs. Heard stated that one such voter was told that he could not vote, and she informed him that he could cast an affidavit ballot. Heard further stated that the precinct's manager threatened to remove her for speaking out. In his affidavit, Vern Gavin, Jr., testified that he witnessed "campaigning within 150 feet of the polling place" during the Democratic Primary on August 8, 2023. Finally, Aerrione Green, Gavin's campaign manager, testified regarding reports she received from some of the precincts of various election day irregularities.

¶10. Evers moved to strike the affidavits of Vern Gavin, Jr., and Aerrione Green on grounds that (1) Gavin, Jr., testified to events that took place at the primary election and not the run-off election, and (2) Green's testimony was "rank hearsay" and filed in violation of Mississippi Rule of Civil Procedure 56(c) because it was not filed "prior to the day of the hearing[.]" Miss. R. Civ. P. 56(c). While the circuit court admitted Heard's affidavit, it rejected the remaining affidavits, reasoning that Green's affidavit was based on hearsay and not from personal knowledge and that the affidavit from Gavin, Jr., was based on the primary election, not the run-off, and thus was irrelevant.

¶11. On the election issue, Gavin's only evidence was Heard's affidavit as well as evidence

from the Hinds County Democratic Executive Committee regarding an irregularity that occurred but was righted. Gavin stated that it was an "uncontradicted fact" that voting irregularities occurred, and he requested that the motion for summary judgment be denied to allow him more time "to get to the bottom of this through discovery." Evers responded that the irregularities cited by Gavin "were corrected and didn't affect the vote at all." Thus, Evers asserted that the court should grant summary judgment because Gavin made no allegation that the irregularities impacted the outcome of the election. The circuit agreed with Evers and granted her motion for summary judgment on the election contest.

¶12. On the residency issue, Gavin again expressed confusion as to whether the court was going to consider evidence beyond the pleadings. The court reiterated that the parties were put on notice that the hearing would be on all issues. Irrespective of his apparent confusion, Gavin's counsel was prepared to put on proof of the issue. Gavin challenged Evers's residency by again pointing out that before October 7, 2021, her voting address was in Jackson, Mississippi, outside of District 4, and that she claimed homestead exemption on property outside of District 4. Gavin also questioned Evers on statements she made on a radio talk show that she lived in Jackson and might run for mayor. Evers responded that the comments were made jokingly. Evers requested a directed verdict on the residency issue, arguing that as of October 7, 2021, Evers was registered to vote within District 4, clearly meeting the two-year residency requirement. In response, Gavin argued that Evers did not meet the two-year residency requirement, and he again noted that Evers had a homestead

6

exemption and pays utilities on the Jackson property, owns her deceased father's vehicle that is registered in Jackson, and made the radio statement about running for mayor in Jackson.

¶13. In its final judgment entered on November 15, 2023, the circuit court granted summary judgment as to the election irregularities issue, reasoning that Gavin failed to allege evidence of election day irregularities that affected the outcome. Additionally, "based on the largely undisputed factual evidence," the court determined that Evers met the two-year residency requirement and thus dismissed Gavin's claim.

¶14. On December 8, 2023, Gavin filed a motion for reconsideration and request for additional findings of fact and conclusions of law. Based on allegedly new evidence of Evers's statements regarding running for mayor in Jackson, Gavin requested reconsideration. Gavin also requested additional findings on the court's ruling, which he claimed was contrary to the evidence presented at the hearing. Evers responded that Gavin's purportedly new evidence served impeachment purposes only and would not change the court's ruling. The circuit court denied the motion, and Gavin filed his notice of appeal on January 16, 2024.

## ISSUES

¶15. The following issues are before the Court on appeal:

(1) Whether the circuit court erred by considering both the motion to dismiss and the motion for summary judgment and whether Gavin received proper notice of the latter motion;

(2) Whether the circuit court erroneously excluded evidence;

(3) Whether the circuit court erred by granting summary judgment;

7

(4)     Whether the circuit court erred by determining that Evers was a qualified elector; and

(5)     Whether the circuit court erred by denying Gavin's motion for reconsideration and request for additional findings of fact and conclusions of law.

## DISCUSSION

**I.      Whether the circuit court erred by considering both the motion to dismiss and the motion for summary judgment and whether Gavin received proper notice of the latter motion.**

¶16.    The Court reviews both a motion for judgment on the pleadings and a motion for summary judgment *de novo*, and the facts are viewed in the light most favorable to the nonmoving party. *Huff-Cook, Inc. v. Dale*, 913 So. 2d 988, 990 (¶ 10) (Miss. 2005) (citing *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1209 (¶ 5) (Miss. 2001)).

¶17.    Gavin asserts that the circuit court erred by considering both motions simultaneously and by failing to give him an additional ten-days' notice to prepare to argue against Evers's motion for summary judgment. "When a motion to dismiss under Rule 12(b)(6) is converted to a motion for summary judgment, the requirements of Rule 56 apply, and 'all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 . . . .'" *Ground Control, LLC v. Capsco Indus., Inc.*, 120 So. 3d 365, 372 (¶ 16) (Miss. 2013) (quoting Miss. R. Civ. P. 12(c)). The nonmoving party must be granted ten-days' notice to prepare for the summary judgment hearing. *Sullivan v. Tullos*, 19 So. 3d 1271, 1275 (¶ 15) (Miss. 2009) (citing *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 649 So. 2d 179, 183 (Miss. 1994)).

8

¶18.    The circuit court emphasized it would consider both the motion to dismiss and the motion for summary judgment at the parties' initial conference call and gave an additional ten-days' notice at Gavin's request. Nevertheless, Gavin asserts that he was entitled to another ten-days' notice because he asked the circuit court to reschedule the hearing to accommodate a personal matter.

¶19.    However, Gavin's counsel stated at the hearing: "We were given proper notice. We are here prepared to argue against the motion for summary judgment." Thus, it is evident that Gavin received sufficient notice, and he fails to cite any authority to support his contention that he was due an additional ten-days' notice after the court granted his request to reschedule the hearing. Evers initially filed a motion to dismiss or for summary judgment on October 5, 2023. Later, she filed an amended motion to dismiss or for summary judgment on the election issue and a motion for summary judgment on the residency issue on October 12, 2023. The court made it clear at the parties' initial conference call on October 10, 2023, that it would consider both motions at the hearing, as Evers filed a motion to dismiss and a motion for summary judgment, not solely a motion to dismiss. We hold that Gavin received ample notice, and his arguments to the contrary are without merit.

¶20.    Each of the cases Gavin cites consider the distinguishable fact that the nonmoving parties were afforded no notice that a singular Rule 12(b)(6) motion to dismiss was converted to a motion for summary judgment. Gavin relies heavily on *Ground Control, LLC*, 120 So. 3d 365, in support of his proposition that "when a Rule 12(b)(6) motion to dismiss is

converted to a motion for summary judgment, the court does not simultaneously consider the original motion to dismiss." ***Ground Control, LLC***, however, in no way supports Gavin's proposition. Rather, ***Ground Control, LLC***, supports the circuit court's ruling in the case *sub judice*.

¶21. The Court in ***Ground Control, LLC***, found that the trial court reversibly erred by converting the motion to dismiss to a motion for summary judgment because it gave no notice whatsoever that it was converting the motion to dismiss to a motion for summary judgment until the hearing was concluded and the order issued. ***Ground Control, LLC***, 120 So. 3d at 373 (¶ 21). The Court elaborated that the trial court's failure to give notice constituted reversible error because the nonmoving party "never had the opportunity to present summary judgment arguments to the trial court." ***Id.*** Here, Gavin admits that he received notice and was prepared to argue against Evers's motion for summary judgment. Moreover, the motion to dismiss at issue in ***Ground Control, LLC***, was solely that; the motion did not include an alternative motion for summary judgment, and the ***Ground Control, LLC***, movants "insisted their motion was a Rule 12 motion to dismiss." ***Id.*** at 372 (¶ 16).

¶22. Evers's initial motion was not solely a motion to dismiss under Rule 12(b)(6) but a motion for summary judgment as well. In her amended motion, Evers asked for the election irregularities issue to be dismissed or for summary judgment, and she specifically requested summary judgment on the residency issue. Thus, there was not a pure Rule 12(b)(6) motion

10

to dismiss requiring conversion, so the court properly considered both motions before it.

¶23. It is uncontested that Gavin received adequate notice and was prepared to argue against summary judgment. Moreover, multiple motions were before the court, so conversion was not required. Therefore, we hold that the circuit court did not err by considering both the motion to dismiss and the motion for summary judgment.

## II. Whether the circuit court erroneously excluded evidence.

¶24. Gavin claims next that the circuit court abused its discretion by excluding Aerrione Green's affidavit as "nothing but rank hearsay." A trial court's decision to exclude evidence will be upheld unless the decision "was arbitrary and clearly erroneous, amounting to an abuse of discretion." *Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 34 (¶ 4) (Miss. 2003) (internal quotation mark omitted) (quoting *Puckett v. State*, 737 So. 2d 322, 342 (¶ 57) (Miss. 1999)). Hearsay is "a statement that: **(1)** the declarant does not make while testifying at the current trial or hearing; and **(2)** a party offers in evidence to prove the truth of the matter asserted in the statement." Miss. R. Evid. 801(c).

¶25. Gavin purports that Green's affidavit should have been admitted because it was made upon her personal knowledge, and any portions therein not based on her personal knowledge could have been struck. Gavin relies on *Levens v. Campbell*, where the Court stated that "[w]hile most affidavits are hearsay, they are nevertheless properly considered on summary judgment motions as long as they are based on personal knowledge and set forth facts such as would be admissible in evidence." *Levens v. Campbell*, 733 So. 2d 753, 758 (¶ 13) (Miss.

11

1999) (citing *Stewart v. Se. Foods, Inc.*, 688 So. 2d 733, 734 (Miss. 1996); Miss. R. Civ. P. 56(e)). However, as Evers notes, Gavin misconstrues the above-quoted proposition. In *Levens*, the Court found that the portions of the affidavit at issue were inadmissible hearsay, with the exception of one section that was excluded from hearsay as a statement made by an opposing party. *Id.* (citing Miss. R. Evid. 801(d)(2)(D)).

¶26.    As Evers states, nothing in Green's affidavit is based upon her personal knowledge; every allegation Green made was gleaned from conversations she had with others, not from events she personally witnessed. Evers also argues, as she did at the hearing, that Green's affidavit was untimely as it was produced the morning of the hearing. While the circuit court did not address the affidavit's timeliness and excluded it on hearsay grounds, Gavin rebuts that Green's affidavit would not have been untimely had the court granted the additional ten-days' notice. Because Green's affidavit was presented on the day of the hearing and is based on what she heard from others and not what she personally observed, we hold that the circuit court did not abuse its discretion by excluding it.

      **III.    Whether the circuit court erred by granting summary judgment as to Gavin's election irregularities claim.**

¶27.    Gavin argues that there remained genuine issues of material fact as to the alleged voting irregularities, so the circuit court erred by granting Evers's motion for summary judgment. We disagree.

¶28.    The circuit court's grant of summary judgment is reviewed *de novo*. *Webb v. Braswell*, 930 So. 2d 387, 395 (¶ 12) (Miss. 2006) (citing *Williams v. Bennett*, 921 So. 2d

12

1269, 1271 (¶ 9) (Miss. 2006)). The Court should view the evidence in the light most favorable to Gavin, the nonmoving party. *Venture, Inc. v. Harris*, 307 So. 3d 427, 432 (¶ 15) (Miss. 2020) (quoting *Double Quick, Inc. v. Moore*, 73 So. 3d 1162, 1165 (¶ 7) (Miss. 2011)). "If the undisputed facts can support more than one interpretation," then summary judgment is inappropriate, and the Court should "reverse and remand for a trial on the merits." *Id.* (internal quotation marks omitted) (quoting *McLeod v. Allstate Ins. Co.*, 789 So. 2d 806, 809 (Miss. 2001)). However, "when no material facts are in dispute and the movant demonstrates it is entitled to judgment as a matter of law," summary judgment is proper. *City of Jackson v. Jones*, 393 So. 3d 1002, 1004 (¶ 7) (Miss. 2024) (citing Miss. R. Civ. P. 56(c)).

¶29. The Court has held that "special elections will be required only when (1) enough illegal votes were cast for the contestee to change the result of the election, or (2) so many votes are disqualified that the will of the voters is impossible to discern." *Self v. Mitchell*, 327 So. 3d 93, 96 (¶ 11) (Miss. 2021) (internal quotation mark omitted) (quoting *Noxubee Cnty. Democratic Exec. Comm. v. Russell*, 443 So. 2d 1191, 1197 (Miss. 1983)).

¶30. Gavin argues that the affidavits of Green, Heard, and Gavin, Jr., and the allegations contained therein established a "'total departure' from Mississippi's election provisions sufficient to present genuine issues of material fact." Gavin also argues that the testimony at the hearing demonstrated issues with the voter registration process. With no other explanation, Gavin concludes that the above evidence was sufficient to overcome Evers's

13

motion for summary judgment.

¶31. Evers rebuts that summary judgment was proper because Gavin failed to present evidence demonstrating a genuine issue for trial. Specifically, Gavin only presented Heard's affidavit, as affidavits from Gavin, Jr., and Green were properly excluded on grounds of irrelevance and inadmissible hearsay, respectively. Thus, Gavin's only evidence introduced to create a genuine issue of material fact regarding the voting irregularities was Heard's affidavit, which not only failed to specify which election her testimony was based upon but also failed to allege any irregularities that may have affected the outcome of the vote.

¶32. Heard described a situation in which an unspecified number of voters were questioned about voting in the Republican first primary and another situation in which an unspecified number of voters were questioned about their addresses. While Heard stated that she was threatened with removal for informing some voters that they could cast affidavit ballots, she did not testify as to whether the voters in question were ultimately allowed to vote.

¶33. Evers notes that it is permissible for voters to be questioned regarding both situations complained of. Miss. Code Ann. § 23-15-575 (Rev. 2018); Miss. Code Ann. § 23-15-571 (Rev. 2018); Miss. Code Ann. § 23-15-11 (Rev. 2018). In fact, the only impermissible irregularity alleged in Heard's affidavit was her admission that she, a poll watcher, spoke with the voters during the voting process. Miss. Code Ann. § 23-15-577(4)(a) (Rev. 2018). Gavin failed to present any evidence alleging election irregularities that affected the outcome of the election, an essential element of an election contest, and "mere allegations or

14

unsupported speculation are not enough to defeat a summary judgment motion." ***Johnson v. Brock***, 337 So. 3d 1053, 1057 (¶ 12) (Miss. 2022) (citing ***Strantz v. Pinion***, 652 So. 2d 738, 742 (Miss. 1995)). Therefore, we hold that the circuit court did not err by granting Evers's motion for summary judgment.

### IV. Whether the circuit court erred by determining that Evers was a qualified elector.

¶34. On appeal, Gavin argues that the circuit court committed manifest error by determining that Evers was a qualified elector. Evers sought summary judgment on the issue. At the hearing, she moved for a directed verdict, which the circuit court considered as a motion for involuntary dismissal under Mississippi Rule of Civil Procedure 41(b) and subsequently granted. The crux of Gavin's argument is that he established multiple genuine issues of material fact, and he asks the Court either to resolve them on appeal in his favor and find that Evers is not a qualified elector or to remand the case for formal discovery. Evers argues that the circuit court lacked subject matter jurisdiction to consider the residency claim, or, in the alternative, that the court's affirmance of her residency qualification was supported by the evidence and not in error.

¶35. The Court reviews a trial court's grant or denial of a Rule 41(b) motion to dismiss under the substantial evidence/manifest error standard. ***Wangler v. Wangler***, 294 So. 3d 1138, 1142 (¶ 15) (Miss. 2020) (quoting ***Stewart v. Merchs. Nat'l Bank***, 700 So. 2d 255, 258 (Miss. 1997)). A trial judge's decision on a Rule 41(b) motion for involuntary dismissal will be overturned "only if the findings are not supported by substantial evidence, or the [judge]

15

abused his discretion, was manifestly wrong, or applied an erroneous legal standard." *Id.* (internal quotation mark omitted) (quoting *Pittman v. Pittman*, 195 So. 3d 727, 732 (Miss. 2016)).

¶36. In its final order, the circuit court stated that Gavin presented three uncontested grounds in support of his claim that Evers did not meet the residency requirement: (1) that Evers owned a house and claimed homestead exemption in Jackson, Mississippi; (2) that Evers was also registered to vote in Jackson from May 12, 2020, to October 7, 2021; and (3) that Evers stated on a radio show in 2020 that she lived in Jackson and might run for mayor. The circuit court noted that Evers explained that the residence in Jackson was previously owned by her deceased father, and she conceded that she claimed homestead exemption on the property for tax years 2021 and 2022.

¶37. As the court further related, Evers testified that she never lived at the Jackson residence and claimed homestead exemption as the head of household providing support at the residence. Evers attested that she lives in Clinton, Mississippi, where she pays utilities, where her vehicles are registered, and where she is a member of the City of Clinton Municipal Election Commission. The circuit clerk confirmed that Evers's voting address was changed back to her address in Clinton on October 7, 2021. Regarding her radio statements, the court reiterated that Evers stated she was joking. Based on the above facts, the circuit court found that Evers met the two-year residency requirement, reasoning as follows:

16

The Court notes that while homestead exemption is a rebuttable presumption of residency, that presumption may be overcome by evidence of a person's actual living arrangements. [Evers] testified that she has never lived at the [Jackson] address and has lived in Clinton full time since 2003 and considers her Clinton residence her home. [Evers's] uncontradicted testimony is sufficient to overcome any presumption relative to her homestead exemption claim or the temporary period of time that she was registered to vote in Jackson. Likewise, a person's voting address is not dispositive on the question of residency. Notwithstanding, there is no dispute that [Evers's] voting address has been in Clinton for more than 2 years before this year's general election.

We hold that the circuit court did not manifestly err by finding that Evers met the two-year residency requirement.

¶38. On the jurisdiction issue, Evers again argues that Gavin's qualification challenge was untimely, and the circuit court erroneously assumed jurisdiction when it ruled on the challenge. Evers asserts that Gavin should have brought his residency challenge under Section 23-15-961. Rather, she alleges that Gavin disguised the claim under Section 23-15-921 as an election contest to circumvent the ten-day deadline for candidate qualification contests as required by Section 23-15-961.

¶39. In *Glenn v. Powell*, 149 So. 3d 480, 484 (¶ 11) (Miss. 2014), the Court held that a qualification challenge may be brought under Section 23-15-921, reasoning that when Powell brought his claim, Glenn was certified as the Democratic nominee and no longer was a candidate for nomination. And in *Andreacchio v. Coleman*, 322 So. 3d 441 (Miss. 2021), the Court applied *Glenn* and distinguished it from the specific facts before it. In that case, the candidate qualification challenge was brought under Section 23-15-951, the language of

17

which clearly excludes such challenges. *Andreacchio*, 322 So. 3d at 443 (¶ 2).

¶40. Recognizing this precedent, Evers asks the Court to overrule *Glenn* and hold that candidate qualification challenges and election disputes are distinguishable "and one cannot be disguised as the other." However, we are not persuaded by Evers's argument and hold that the rulings in *Glenn* and *Andreacchio* are sound. Section 25-15-921 does not exempt contests of nominees' qualifications, and after the election was decided in Evers's favor, she was no longer considered a candidate for Section 23-15-961 purposes. As such, Section 23-15-961's ten-day deadline was not applicable. Therefore, we hold that Gavin's challenge was not untimely, that the circuit court properly retained jurisdiction of the claim in accordance with the Court's precedent, and that it did not err by finding that Evers met the two-year residency requirement.

## V. Whether the circuit court erred by denying Gavin's motion for reconsideration and request for additional findings of fact and conclusions of law.

¶41. In his motion for reconsideration and for additional findings, Gavin presented the circuit court with new evidence of Evers's statements about running for mayor in Jackson. Gavin asserted that while Evers testified that she was joking about running for mayor in Jackson, "she can be heard discussing her plan for when she is mayor for an hour and a half on a recording from her radio show," which Gavin purports directly contradicts her testimony and established issues of fact for trial. Further, Gavin presented other statements where Evers referred to living in Jackson, such as, "we as citizens of Jackson," "I live in West

18

Jackson," and "I live in this area." Gavin concluded that because Evers spoke seriously about running for mayor in Jackson, her credibility as a witness was put in question, thus warranting reconsideration. Gavin also requested additional findings on the court's grant of summary judgment and its dismissal of the residency claim.

¶42. Evers responded that Gavin did not meet the requirements for a new trial based on newly discovered evidence because his claim fails to show due diligence, and the purportedly new evidence is cumulative and offered solely to impeach her testimony. The circuit court agreed with Evers and denied Gavin's motion.

¶43. The denial of a motion for reconsideration and additional findings of fact and conclusions of law is reviewed for an abuse of discretion. *State v. Walgreen Co.*, 250 So. 3d 465, 477 (¶ 37) (Miss. 2018) (citing *City of Jackson v. Internal Engine Parts Grp., Inc.*, 903 So. 2d 60, 66 (¶ 19) (Miss. 2005)). The Court should not reverse for an abuse of discretion "absent a definite and firm identification of clear error[.]" *Ashmore v. Miss. Auth. on Educ. Television*, 148 So. 3d 977, 982 (¶ 13) (Miss. 2014).

> A motion for a new trial [based on new evidence] is an extraordinary motion, and the requirements of the rule must be strictly met. [Citation omitted.] The motion may not be granted unless (1) the evidence was discovered following the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such that a new trial would probably produce a new result.

*Moore v. Jacobs*, 752 So. 2d 1013, 1017 (¶ 18) (Miss. 1999) (quoting *Ag Pro, Inc. v. Sakraida*, 512 F.2d 141, 143 (5th Cir. 1975), *rev'd on other grounds by Sakraida v. Ag Pro,*

*Inc.*, 425 U.S. 273 (1976)).

¶44.   On appeal, Gavin purports that the circuit court abused its discretion because his motion for reconsideration was supported by the evidence.  While Gavin does not address the radio comments as stated in his motion, he instead presents an entirely new argument regarding newly discovered evidence that Evers's daughter's living in the Jackson house may not be considered a dependent for homestead exemption purposes.  Gavin argues that the evidence not only disproves the homestead exemption but also casts doubt on Evers's "veracity as a witness."  Gavin also argues that the newly discovered evidence calls the trial court's dismissal of the residency issue into question since the evidence creates a factual dispute.

¶45.   First, in his motion for reconsideration, Gavin presented additional statements Evers made on her radio show regarding running for mayor in Jackson and being from West Jackson.  However, Evers replied that the statements only question her credibility as a witness, and Gavin failed to present any new evidence that would have changed the result. Indeed, the circuit court heard similar evidence as well as Evers's testimony that she was joking and found "based on the largely undisputed factual evidence" that Evers met the two-year residency requirement.  Thus, we hold that Gavin presented only cumulative evidence solely for impeachment purposes and therefore did not meet the requirements for a new trial based on newly discovered evidence.

¶46.   Second, Gavin argues for the first time on appeal that the circuit court should have

granted his motion for reconsideration based on a new argument not presented in his motion. Gavin asserts that Evers's daughter is not a dependent as required under the homestead exemption, so Evers's veracity as a witness is again called into question. Again, Gavin's purported newly discovered evidence is offered only to impeach Evers's credibility as a witness, and he fails to show how such evidence would result in a different outcome. The circuit court determined that the homestead exemption creates a rebuttable presumption that Evers overcame with evidence that she resides in Clinton, notwithstanding any tax discrepancies on the Jackson property. Our Court holds that the circuit court did not abuse its discretion by denying Gavin's motion for reconsideration and for additional findings of fact and conclusions of law.

## **CONCLUSION**

¶47. Accordingly, we affirm the circuit court's judgment on all issues.

¶48. **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**